IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHERINE BELCASTRO-GONZALEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA, a Municipal Corporation; TODD SCHMADERER, Chief of Police of the Omaha Police Department, in his official and individual Capacity; JEAN STOTHERT, Mayor of the City of Omaha; and TIM YOUNG, Former Human Relations Director for the City of Omaha, in his official and individual Capacity;<br><br>    Defendants. | **8:19CV572**<br><br><br>**MEMORANDUM AND ORDER** |

    This matter is before the Court on defendants' (City of Omaha, Todd Schmaderer, Jean Stothert and Tim Young) motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Filing No. 14. Plaintiff alleges that she was subjected to a pattern of unconstitutional retaliation while a 25 year veteran in the Omaha Police Department. This is an action filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e.

    Plaintiff was employed by the Omaha Police Department in 1994. She has been a Captain for the Southeast Precinct since 2010. It appears that plaintiff is a highly decorated employee of the police department. See Filing No. 1, Complaint, at ¶¶ 10. Defendant City of Omaha is the plaintiff's employer. Defendant Tim Young was the Human Resources Director for the City of Omaha from 2017 to 2019. Defendant Jean Stothert is the Mayor of Omaha. Defendant Chief Todd Schmaderer is the Chief of Police

1

for Omaha. On March 26, 2018, plaintiff contends she filed charges of discrimination against the defendants with the Nebraska Equal Opportunity Commission (NEOC) and the Equal Employment Opportunity Commission (EEOC). She received a right to sue letter in October of 2019.

The facts are somewhat convoluted and confusing at this point, as they involve: (1) plaintiffs attempt to receive a promotion in 2018; and (2) she did not receive the promotion which she says occurred because of previous events that happened in 2010-11, which she reported, and her filing a complaint regarding the same in 2017. She contends that the failure to promote her in 2018 is a result of retaliation for her reporting in 2010-11 and in 2017.

Plaintiff alleges that in 2017 she asked the Mayor to address a complaint against a male employee in 2010 which she believed was not properly investigated in 2010. She states that she "learned that her 2010 sexual harassment complaint against Lieutenant Kerry (hereinafter "Neumann") Neumann was not fully investigated and was found under a desk in the internal affairs office. Captain Thomas Shaffer of the Internal Affairs Unit, relayed information that such past claims of sexual harassment were not properly investigated or thoroughly documented by his predecessors in the Internal Affairs Unit. Schmaderer was Plaintiff's immediate supervisor in 2010." Complaint, Filing No. 1, ¶ 11.

In 2010 Todd Schmaderer was not Chief of Police; Jean Stothert was not Mayor; and Tim Young was not the HR Director at that time. However Young conducted his own investigation in 2017 and found no wrongdoing in 2010-11 on the part of Neumann. Thereafter, in 2017, both plaintiff and Neumannn applied for the same promotion. Plaintiff was not promoted, but the male employee was in fact promoted to Deputy Chief on September 27, 2017. In 2018 two additional deputy chief positions came open and

2

plaintiff applied for both.  Following testing, plaintiff ranked first out of eight candidates.[1] She was passed over both times, even though Chief Todd Schmaderer previously stated that he would never pass over the #1 candidate.  The Chief selected candidate #2, a white male, and #5 a white female.  In April of 2018, during the time the second opening was still available, plaintiff contends that defendants filed false complaints against her, alleging she was unprofessional at a meeting and abused overtime.  However, these complaints were closed without further inquiry on June 27, 2018, just 2 days after the Chief Schmaderer filled the two positions.

Although throughout her complaint plaintiff refers to retaliation and discrimination, she has pled only one cause of action, retaliation.

**STANDARD OF REVIEW**

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007); *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.  In deciding a motion to dismiss under Rule 12(b)(6), a court must accept the allegations contained in

---

[1] Plaintiff also contends that the defendants sent her test back twice to have it rechecked, attempting to lower her ranking as the #1 candidate.

the complaint as true and draw reasonable inferences in favor of the nonmoving party. *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010). Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Courts follow a "two-pronged approach" to evaluate Rule 12(b)(6) challenges. *Iqbal*, 556 U.S. at 679. First, a court divides the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should be disregarded. *Id.* Second, the factual allegations must be parsed for facial plausibility. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677. The Court should not "incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of Iqbal and Twombly." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012). The question at this preliminary stage is not whether a plaintiff might be able to prove its claim, but whether it has "adequately asserted facts (as contrasted with naked legal conclusions) to support" those claims. *Id.*

The court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558, 556. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679. Dismissal under Rule 12(b)(6) is appropriate only if it is clear that no relief can be granted under any

4

set of facts that could be proven consistent with the allegations. *O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

## DISCUSSION

### *Retaliation*

To succeed on a retaliation claim under Title VII or the Nebraska Fair Employment Practices Act, plaintiff must establish (1) she engaged in statutorily protected conduct, (2) she suffered a materially adverse employment action, and (3) there was a causal connection between her protected activity and the adverse action. *Bunch v. Univ. of Ark. Bd. of Trs.*, 863 F.3d 1062, 1069 (8th Cir. 2017) (Title VII); *O'Brien v. Bellevue Pub. Sch.*, 856 N.W.2d 731, 741 (Neb. 2014).

a. Individual/Official Liability

Individual defendants first argue that there is no liability against them as the City is the only proper defendant in this case. *See Bales v. Wal–Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir.1998) (The Eighth Circuit has "'squarely held that supervisors may not be held individually liable under Title VII.' *Bonomolo–Hagen v. Clay Central–Everly Community Sch. Dist.*, 121 F.3d 446, 447 (8th Cir.1997).)." There is no allegation, argue defendants that Mayor Stothert did anything and did not participate in the hiring process or the investigation. Further, there is no showing that the Mayor was the correct person to whom a complaint alleging harassment or failure to investigate should be filed.. The executive order in this regard states: "the aggrieved party should attempt to resolve the matter with the person responsible for the offensive behavior and, if they are not comfortable doing so, they can report the employee to the employee's immediate supervisor; the supervisor of the person responsible for the offensive behavior; the division manager; the department director or the HR Director. *See* Executive Order No.

5

S-33-16, pg. 3, https://hr.cityofomaha.org/public-documents/executive-orders. With regard to Young, argues defendants, plaintiff makes no allegations of retaliation against him as he was not a decision maker, nor did he have anything to do with the lack of promotion of the plaintiff to deputy chief.

The Court finds that Schmaderer is a supervisor and cannot be held liable for retaliation in his individual capacity. Also, the Court will dismiss the Mayor in her individual capacity. Young is likewise dismissed in his individual capacity. In addition, the Court notes that plaintiff now agrees that these defendants are not individually liable. Accordingly, the Court finds that all individual defendants are dismissed in their individual capacities.

Plaintiff, however, contends that none of these defendants should be dismissed in their official capacities. Plaintiffs agree that some courts have dismissed both official and individual liability suits against employees where the employer will be responsible to pay on the basis of vicarious liability. See *Glass v. Doe*, 2007 WL 2410542 (D. Neb. Aug. 21, 2007); *Garagiola v. Saunders County*, 2018 WL 10152551 (D. Neb. Jan. 29, 2018). However, plaintiff argues that the law only holds that these supervisors and employees cannot be held liable in their individual capacities under Title VII. *Morrow v. City of Jacksonville, Ark.*, 941 F.Supp. 816, 819 (E.D. Ark. 1996) (quoting *Lendhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 381 (8th Cir. 1995)). If the complaint does not state the capacity in which the person is sued, the Court has construed that to mean official capacity. See *Glass*, 2007 WL 2410542 *2. Plaintiff argues that those in policy making authority cannot avoid liability for constitutional violations. *Garagiola*, 2018 WL 10152551 *5.

6

While employees may be sued in their official capacities, the real suit is against the City argues the defendants. "[W]hile a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII." *Bales*, 143 F.3d at 1111, citing *Gary v. Long*, 59 F.3d 1391, 1399 (D.C.Cir. 1995) See also *Glass*, 2007 WL 2410542, at *3. Plaintiff argues these defendants intentionally covered up illegal activity and participated in retaliation against the plaintiff. Plaintiff was passed over for promotion several times, and this, she argues, is sufficient to show retaliation.

At this stage in the proceedings, the Court agrees with the plaintiff. Accordingly, the Court will allow the lawsuit to proceed against the individual defendants in their official capacity. That might change after further discovery is completed.

    b. *Merits of retaliation claim*

        1. *Nebraska State Government Effectiveness Act a/k/ Whistle Blower Act*

With regard to the merits of the retaliation claim, defendants contend that the "state whistleblower act" refers to state employees working for state agencies, departments or boards and excludes political subdivisions. See Neb. Rev. Stat. § 81-2703(1)(d)). Thus, a claim against the City of Omaha, argues defendants, does not state a claim for relief. Further, the Act applies to any "elected state official." See Neb. Rev. Stat. § 81-2703(3).

Plaintiff agrees that the statute exempts such claims against political subdivisions including the defendants in this case. Plaintiff asks for leave of Court to amend her complaint to instead include City of Omaha's Whistleblower Ordinances, located in Chapter 2, Article X of the Omaha Municipal Code, which applies to complaints of wrongdoing submitted to the city attorney or a city council member. Omaha Mun.Code, ch. 2, art. X, §§2-294 to 2-300. Defendants disagree and argue that this claim must be

7

dismissed without leave to amend. Under the Omaha Municipal Code, the plaintiff's remedy lies with the HR Director, a Department head or the City Council, not a court. Plaintiff did not file a claim with the City for such recourse. Thus, argues defendant, there is no cause of action under the Omaha Municipal Code, even if plaintiff amends her complaint.

Plaintiff concedes she does not have a claim pursuant to the Nebraska State Government Effectiveness Act. The Court agrees with the defendants that the whistle blower provisions of the Omaha Municipal Code are intended to provide recourse with the City of Omaha, not this Court. Accordingly, the Court declines to exercise jurisdiction over any potential claim the plaintiff may have pursuant to Omaha Mun.Code, ch. 2, art. X, §§2-294 to 2-300.

c. Title VII/ NFEPA[2]

With regard to plaintiff's claim under Title VII, defendants contend that plaintiff has failed to make a prima facie case of retaliation. Defendants argue that plaintiff did not engage in protected conduct. Assuming her facts to be true, she filed a complaint in 2010 which was allegedly investigated, although whether this investigation occurred is greatly disputed. Defendants assert that Plaintiff waited 9 months after the 2010 alleged harassment to file a complaint with then Chief of Police Alex Hayes. Such delay, say defendants, meant there could be no corrective action against Neumann as the Labor Contract requires a discipline decision to be made within 10 days of the offense.

---

[2] With regard to plaintiff's NFEPA allegation, Neb. Rev. Stat. § 48-1101, defendants point out that it is governed under the same retaliation as Title VII. *Reyes v. Pharma Chemie, Inc.*, 890 F. Supp. 2d 1147, 1167 (D. Neb. 2012). The statue does not protect the actions of coworkers, only of employers. See *Garagiola*, 2018 WL 10152551, at *3.

8

Plaintiff's complaint as to the recent promotions relate back to alleged discriminatory conduct 7 years ago. Defendants contend there is no causal connection between the protected activity 7 years ago and the alleged adverse action in 2018-19. Even if her facts are true and her filing in 2010 was protected activity, and even if the police did a faulty investigation in 2010-11, defendants contend she did nothing for 6 years. There is not, argue defendants, "one specific allegation that he has done anything that rises to the level of discrimination, retaliation, harassment or anything else since 2010-11.  While defendants do not deny that plaintiff filed a complaint in 2017, those allegations all related to 2010 (or before), by plaintiff's own admission." Filing No. 15 at 8.  There are no instances of misconduct by the male Deputy Chief since 2011, state defendants, again, arguing there is no causal connection.  Further, defendants argue that plaintiff failed to file her EEOC claim back in 2011, and she is relying on numerous cases of "hearsay" with regard to her allegations.   These allegations are in large part not about her but are about other possible examples of misconduct.

As for the requirement of adverse action, plaintiff states that the defendants engaged in "unlawful retaliation against her for her claim filed May 1, 2017 and her subsequent participation in such investigation."  Complaint, Doc. #1, ¶ 38.  Her claim of adverse action is that she was not promoted in July of 2018.  Plaintiff filed her complaint in 2017 which was investigated by Young who concluded his work in September 2017, leaving the length of time over a year between her protected activity and the failure to promote.  Such a length of time:

> dilute[s] any inference of causation such that the temporal connection c[an] not justify a causal link as a matter of law." *McBurney v. Stew Hansen's Dodge City, Inc.* 398 F.3d 998, 1003 (8th Cir.2005) (citing *Smith v. Allen Health Sys.*, 302 F.3d 827, 833 (8th Cir.2002)) (concluding six months is too long); *see also Sisk v. Picture People, Inc.*, 669 F.3d 896, 900–01 (8th Cir.2012) (deciding "[m]ore than two months is too long ... without something more"); *Smith v. Fairview Ridges*

9

*Hosp.*, 625 F .3d 1076, 1088 (8th Cir.2010) (determining "approximately one month," without more evidence of causation, is too long) abrogated on other grounds by *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043, 1058 app. (8th Cir.2011).

*Tomlin v. Washington Univ.*, 2013 WL 5406484, at *15 (E.D. Mo. Sept. 25, 2013). Defendants ask the Court to find there no facts or allegations that show a causal connection between the adverse action that took place in 2018 (failure to promote) and the purported protected activity in 2010 or 2011. Additionally, they assert a number of non-retaliatory reasons to justify the decision not to promote the plaintiff.

Plaintiff contends that she has pled sufficient facts in her complaint so as to give notice to the defendant regarding her retaliation claim. She says her activity was protected when she reported unconstitutional discrimination of violations of the Palmer Consent Decree to the Mayor's Office in 2017. Plaintiff alleges the Palmer Consent Decree mandates that the Chief of the Omaha Police Department take corrective action if the Chief determines that there is a pattern which has discriminatory effect or unlawful bias against female sworn officers and requires the City and the Chief to retain records for a period of five years. She relies on the 2017 report to the Mayor and her past claim in 2010, in particular, that her claim was not fully investigated. Such report, contends plaintiff, is protected activity under the Mayor's Executive Order S-33-16 and Chapter 2, Article X of the Omaha Municipal Code – City Government Effectiveness.

Second, plaintiff argues that she was passed over for promotion twice on June 25, 2018, which violated the Palmer Consent Decree. Her loss of increased pay and training constitutes adverse action, she contends.

Third, as for the causal link requirement, plaintiff contends that she believes that defendants knew about and worked to bury complaints regarding violations of the Palmer Consent Decree. Plaintiff contends she has pled sufficient allegations which show a

10

widespread and persistent pattern of misconduct by defendants which also relate to the retaliation against her.

The Court finds that plaintiff has made a prima facie case of retaliation for purposes of the motion to dismiss. There is insufficient evidence at this time for the Court to make any additional legal conclusions which are more appropriately brought after additional fact finding through the discovery process. The Court cannot say as a matter of law there is no causal connection to the filing of plaintiff's complaints and the failure to promote her. There are many issues that need further development, and additionally, the Court does not have access at this time to the Palmer Consent Decree and the orders referenced by the parties.

THEREFORE, IT IS ORDERED THAT:

1. Defendants' motion to dismiss, Filing No. 14, is granted in part and denied in part as set forth herein;
2. All individual defendants are dismissed in their individual capacities;
3. Defendant's motion to dismiss is granted as to claims pursuant to the Nebraska State Government Effectiveness Act a/k/ Whistle Blower Act;
4. The motion to dismiss is granted as to all arguments regarding "discrimination," as it is not pled as a cause of action.

Dated this 12th day of June, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge