IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KATHERINE BELCASTRO-GONZALEZ,

Plaintiff,

vs.

CITY OF OMAHA, a Municipal Corporation;
TODD SCHMADERER, Chief of Police of the
Omaha Police Department, in his official and
individual Capacity; JEAN STOTHERT, Mayor
of the City of Omaha; and TIM YOUNG, Former
Human Relations Director for the City of Omaha,
in his official and individual Capacity;

Defendants.

**8:19CV572**

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Exceed Number Allotted for Request for Production of Documents. (Filing No. 45.) The motion will be granted.

**BACKGROUND**

In her Complaint, Plaintiff alleges she was subjected to a pattern of retaliation while working for the Omaha Police Department. Plaintiff alleges she was not promoted to deputy chief of police in 2018 due to complaints of sexual harassment she made against Kerry Neumann ("Neumann"). (Filing No. 1.)

The parties filed their Rule 26(f) Report on July 24, 2020. (Filing No. 26.) In the Rule 26(f) Report, the parties indicated a limit of twenty-five requests for production. The Final Progression Order was entered on August 11, 2020 and provided that the parties were to comply with all stipulations and agreements set forth in the Rule 26(f) Report that were not inconsistent with the

Final Progression Order. (Filing No. 28.) The Final Progression Order set the written discovery deadline as June 1, 2021.

An Amended Final Progression Order was entered on June 7, 2021. (Filing No. 43.) The Amended Final Progression Order extended the written discovery deadline to August 2, 2021. The Amended Final Progression Order did not modify the number of permissible requests for production of documents.

Plaintiff filed the instant Motion for Leave to Exceed Number Allotted for Request for Production of Documents on July 13, 2021. (Filing No. 45.)

## DISCUSSION

Plaintiff seeks leave to serve three additional requests for production of documents. Service of these additional requests for production would cause her to exceed the twenty-five she was allotted in the Final Progression Order. Plaintiff's proposed document production requests are as follows:

> Request No. 24:  Any and all minutes of the Comstat monthly meetings from 2016 to 2018 and any other documents, electronic or otherwise, in which the Defendants relied upon in making the statement "Complainant regularly misses these meetings" as set forth in the City's 9-12-18 Position Statement submitted to the NEOC regarding Complaint #NEB 1-18/19-8-49838-RS & EEOC 32E-2018-00716.
>
> Request No. 25:  The complete Internal Affairs investigation files of the Plaintiff's complaint filed against Kerry Neumann, which includes, but not limited to, all internal affairs records and files, electronic or otherwise, consolidated or embedded in the IA Pro software used by the City and the metadata included in the IA Pro system with regard to those files.
>
> Request No. 26:  The complete Internal Affairs investigation files of Staci Witkowski's complaint filed against Kerry Neumann, which includes, but not limited to, all internal affairs records and files, electronic or otherwise, consolidated or embedded in the IA Pro software used by the City and the metadata included in the IA Pro system with regard to those files.

(Filing No. 45.)

Defendants oppose Plaintiff's request to exceed the limit of twenty-five requests arguing that the proposed requests seek irrelevant information and are simply part of a fishing expedition and effort to disparage Defendants.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevancy is broadly construed, and "[d]iscovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action." *Met-Pro Corp. v. Industrial Air Technology, Corp.*, No. 8:07CV262, 2009 WL 553017, at *3 (D. Neb. Mar. 4, 2009).

Through Request No. 24, Plaintiff seeks two years' worth of Compstat monthly meeting minutes and other documents that Defendants relied upon in telling the Nebraska Equal Opportunity Commission ("NEOC") that Plaintiff "regularly miss[ed] those meetings." Defendants made this statement in response to the NEOC's request to explain why Plaintiff was not hired for the deputy chief position. Plaintiff claims she wants the meeting minutes to determine whether she was, as Defendants told the NEOC, regularly absent from those meetings. The NEOC investigation, like the case at hand, dealt with why Plaintiff was not hired for the deputy chief position. Therefore, the reasons Defendants provided to the NEOC for not promoting Plaintiff are clearly relevant to the issues in this suit. Moreover, the two-year timeframe set out in the Request is reasonable. Therefore, Defendants will be ordered to respond to this Request.

As to Request No. 25, Plaintiff acknowledges she received the 2010 Internal Affairs file regarding her complaint against Neumann. However, Plaintiff claims it appears certain documents are missing from the file and, thus, she needs the metadata to ensure all documents have been produced. Plaintiff's request is reasonable and production will be ordered.

Through Request No. 26, Plaintiff seeks the Internal Affairs file for a complaint that Staci Witkowski ("Witkowski") made against Neumann. The requested documents pertaining to Witkowski's complaint include all internal affairs records and files consolidated or embedded in the IA Pro software used by the City and the metadata included in the IA Pro system for those

files. Defendants contend this information is irrelevant because Neumann is not a defendant in this case and the complaint made by Witkowski is not at issue in this suit.  The Court disagrees that this information is irrelevant.  Like Plaintiff, Witkowski complained about Neumann and her complaint was part of an Internal Affairs investigation that involved Plaintiff's claim.  Therefore, Defendants will be ordered to respond to this Request.

Further, the Court notes that Plaintiff sought leave to serve these additional discovery requests before the expiration of the discovery deadline and the number of additional requests she seeks to serve—three—is quite minimal.  Defendants will not be prejudiced by responding to these requests and answering will not be overly burdensome.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Exceed Number Allotted for Request for Production of Documents (Filing No. 45) is granted.  Defendants shall produce the requested documents by September 20, 2021.

Dated this 20th day of August, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

4