IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHERINE BELCASTRO-GONZALEZ | **CASE NO:  8:19-CV-572** |
| Plaintiff, | **ORDER ON** |
| vs. | **FINAL PRETRIAL** |
| | **CONFERENCE** |
| CITY OF OMAHA, A Municipal Corporation, and TODD SCHMADERER, Chief of Police Department in his official and individual capacity, | |
| Defendants. | |

A final pretrial conference was held on the 8th day of August, 2022.  Appearing for the parties as counsel were:

Thomas M. White and Amy S. Jorgensen, Plaintiff's Attorneys

Michelle Peters, Defendants' Attorney

(A)     Exhibits.  See attached Exhibit Lists.


Caution:  Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference.  The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.


(B)     Uncontroverted Facts.  The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1.     This Court has jurisdiction over the parties and the subject matter of the Plaintiff's claims.

2.     The Plaintiff, Katherine Belcastro-Gonzalez, is a Nebraska, and at all times relevant to this action was employed as a Captain by the City of Omaha Police Department.

3.      The Defendant, City of Omaha, located in Douglas County, Nebraska, was and is a political subdivision within the State of Nebraska. The Defendant qualifies as an "Employer" within the meaning and definition of, according to *42 U.S.C. § 2000 (e) et. seq.*, in that the Defendant City of Omaha is engaged in an industry affecting commerce and has fifteen or more employees for each working day and twenty or more calendar weeks in the year.

4.      Defendant Chief Todd Schmaderer is employed by the City of Omaha Police Department, *R.R.S. 1943, § 14-601 et seq.*, with powers and duties prescribed under *Neb.Rev.St. § 14-602*, and who was Plaintiff's superior for the duration of the matters at issue herein, and a resident of Omaha, Nebraska. Todd Schmaderer became Chief of Police in August 2012.

5.      That on or about March 26, 2018 and August 9, 2018, Plaintiff Katherine Belcastro-Gonzalez filed charges of discrimination against the Defendants, satisfying the procedural requirements of *42 U.S.C. §2000e-5(a)-(e)*, with the Nebraska Equal Opportunity Commission and EEOC.

6.      That Plaintiff filed an allegation of discrimination against Kerry Neumann with the Omaha Police Department in 2010 which was not properly investigated.

7.      That Plaintiff filed a complaint in 2017 with the Mayor alleging that her 2010 complaint was not investigated and requested an investigation into why her 2010 complaint was not investigated.  .

8.      That it was appropriate for Plaintiff to file her 2017 complaint with the Mayor under the City Executive Order.

9.      Whether Plaintiff suffered an adverse employment action when Chief did not promote her to the rank of Deputy Chief on June 27, 2018.

(C)     Controverted and Unresolved Issues.   The issues remaining to be determined and unresolved matters for the court's attention are:

1.      Whether Plaintiff engaged in activities that are protected.

2.      Whether the Plaintiff's protected activities include but are not limited to the following: (a) filing her 2017 complaint with the Mayor regarding that her 2010 complaint and Staci Witkowski's 2010 complaint regarding Kerry Neumann were not properly investigated by the Omaha Police Department and requesting completion of the investigations of Kerry Neumann for his harassment of women in the workplace, the subject of the 2010 complaints; (b) in the months following Plaintiff's complaint to the Mayor, she participated in the City's "investigation" of Kerry Neumann, met with Tim Young and raised concerns that his investigation was not properly conducted; (c) in January of 2018 Plaintiff was wrongfully denied the duties of Acting Deputy Chief and on March 26, 2018, Plaintiff filed a Charge of Discrimination with the NEOC on that basis; (d) Plaintiff continually engaged in activity that was under the law protected from retaliation up to and after Plaintiff was passed over for promotion to Deputy Chief.

3.      Whether a causal connection exists between Chief's adverse employment action of refusing to hire/failing to promote Plaintiff to the rank of Deputy Chief in June of 2018 and Plaintiff filing her 2017 complaint with the Mayor and her subsequent Charge of Discrimination filing with the NEOC in March of 2018.

4.      The nature and extent of Plaintiff's damages which include but are not limited to:

a.      Economic damages as a result of Plaintiff being passed over for promotion to Deputy Chief in June of 2018.  See Plaintiff's expert report of Mr. Harr previously disclosed to the Defendants less any income received by other employment from 3/1/22 to date

b.      Equitable relief pursuant to 42 U.S.C. § 2000e-5(g), if applicable;

c.      Compensatory damages, in accordance with 42 U.S.C. §1981a(b)(3), for the following, but which damages are not limited to, severe mental and emotional anguish from a severely damaged professional reputation, a damaged professional reputation, loss in the opportunity for higher pay

3

and long-term pension benefits, a denial of essential training for which Plaintiff was qualified and Plaintiff lost career track advancement by being denied specialty position opportunities

      d.    Attorney fees in an amount to be determined at trial pursuant to *42 U.S.C. § 2000e-5(k)*;

      e.    Costs incurred by Plaintiff in this action in an amount to be determined at trial; and

      f.    Any other relief as the Court deems appropriate

5.    The Defendants' Motion for Summary Judgment has not been ruled upon as of the date of this submittal.

6.    The Defendants have filed a Motion in Limine with regard to various evidentiary matters.

(D)    Witnesses.  All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1. Dave Baker, Retired Deputy Chief, Omaha, NE (may call)
2. Michele Bang, Retired Deputy Chief, Omaha, NE (may call)
3. Katherine Belcastro-Gonzalez, Plaintiff (will call)
4. Sgt. Steve Cerveny, Omaha, NE (may call)
5. George Conrad, EB Jacobs, State College, PA (may call)
6. Elizabeth Davis, Retired Deputy Chief, Omaha, NE (may call)
7. Stephanie Fidone, Omaha, NE (may call)
8. Gregory Gonzalez, Omaha, NE (may call)
9. Dave Grauman, Omaha, NE (may call)
10. Deputy Chief Scott Gray, Omaha, NE (will call)
11. Aaron Hansen, Omaha, NE (may call)
12. Alex Hayes, Retired Chief, Omaha, NE (may call)
13. Kenneth Kanger, Retired Deputy Chief, Omaha, NE (may call)
14. Shelley Lesac, Omaha, NE (will call)
15. Sgt. Mark Matuza, Omaha, NE (may call)
16. George Merithew, Retired Lt., Omaha, NE (may call)
17. Lt. Catherine Milone, Omaha, NE (may call)
18. Kerry Neumann, Retired Deputy Chief, Omaha, NE (may call)

4

19. Rebecca Nunley, City of Omaha HR, Omaha, NE (may call)
20. Sgt. Marlene Novotny, Omaha, NE (may call)
21. Mary Olson, Omaha, NE (may call)
22. Candace Phillips, Omaha, NE (may call)
23. Chad Robson, EB Jacobs, State College, PA (may call)
24. Lt. Patrick Rowland, Retired Lt., Omaha, NE (will call)
25. Lori Schenkelberg, Omaha, NE (may call)
26. Chief Todd Schmaderer, Omaha, NE (may call)
27. Captain Tom Shaffer, Omaha, NE (will call)
28. Lt. Darci Tierney, Retired Lt., Omaha, NE (may call)
29. Sgt. Keith Williamson, Omaha, NE (may call)
30. Staci Witkowski, Retired Lt., Omaha, NE (will call)
31. Sgt. Wondra, Retired Sgt., Omaha, NE (may call)
32. Tim Young, Omaha, NE (will call)

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1. Chief Todd Schmaderer, Defendant (will call)
2. Mary Newman (retired deputy chief) (will call)
3. Alex Hayes (retired chief) (may call)
4. Dave Baker (retired deputy chief) (may call)
5. D/C Tom Shaffer (may call)
6. D/C Scott Gray (may call)
7. Darci Tierney (retired lt.) (may call)
8. Dave Baker (retired D/C) (may call)
9. Pat Rowland (retired) (may call)
10. Ed Reyes (may call)
11. John Wells (may call)
12. Al Batschelet (may call)
13. Elizabeth Davis (may call)

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment.  A witness who has been identified as offering testimony solely to establish foundation for an exhibit shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

(E)     Expert Witnesses' Qualifications.  Experts to be called by plaintiff and their qualifications are:

1.  Greg Harr, CPA/ABV/CEPA, O'Donnell, Ficenec, Wills & Ferdig, LLP, 4815 South 107th Avenue, Omaha, NE 68127.  Greg Harr's education, experience, professional affiliations within the preceding ten years are outlined on his Curriculum Vitae which is attached hereto and incorporated herein.

Experts to be called by defendant and their qualifications are:
None.

(F)     Voir Dire.  Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

1.  An initial examination for qualifications, credentials, and general information should be conducted by the Court.

2.  Thereafter, counsel for each side should be given a maximum of 20 minutes each to conduct jury examination.

(G)     Number of Jurors.  Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of 12 members.

(H)     Verdict.  The parties will not stipulate to a less-than-unanimous.

(I)     Briefs, Instructions, and Proposed Findings.  Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

(i)     Trial briefs shall be delivered to the judge five (5) working days before the first day scheduled for trial.

6

(ii)     Proposed jury instructions and verdict form shall be delivered to the judge five (5) working days before the first day scheduled for trial.

(J)     Deposition designations:  See Attached.

Defendant does not have any deposition designations.   Plaintiff will respond to Defendant's objections along with his answer to the Motion in Limine by August 15, 2022.

(K)     Length of Trial.  Counsel estimate the length of trial will consume not less than 2 day(s), not more than 4 day(s), and probably about 3 day(s). **(The length of trial could be longer than 3 to 4 days depending on the ruling on the Motion in Limine, Filing No. 103, that is currently pending before the court.)**

(L)     Trial Date.  Trial is set for September 6, 2022.

(M)     Electronic Devices:

Thomas White and Amy Jorgensen, Attorneys for Plaintiff, and Mary Jo Gunnels, paralegal at White, Jorgensen Law Firm, 3114 St. Mary's Avenue, Omaha, Nebraska, shall be allowed to bring a cell phone and laptop into the courtroom from September 6, 2022 through September 9, 2022.

Michelle Peters, attorney for defendants and Nicole Rischling, paralegal for City of Omaha, Omaha, Nebraska, shall be allowed to bring a cell phone and laptop into the courtroom from September 6, 2022 through September 9, 2022.

Chief Todd Schmaderer, defendant, shall be allowed to bring a cell phone into the courtroom from September 6, 2022 through September 9, 2022.

7

KATHERINE BELCASTRO-GONZALEZ,
Plaintiff


BY:   s/Thomas M. White
       Thomas M. White #17452
       Amy S. Jorgensen, #23215
       WHITE & JORGENSEN
       3114 St. Mary's Avenue
       Omaha, Nebraska  68105
       (402) 346-5700

CITY OF OMAHA and TODD SCHMADERER,
Defendants

BY:  Michelle A. Peters
       Michelle A. Peters #20021
       City of Omaha Law Dept.
       1819 Farnam Street, #804
       Omaha, Nebraska  68183
       (402) 444-5125


       BY THE COURT:

       Susan M. Bazis
       U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KATHERINE BELCASTRO GONZALEZ, )      CASE NO. 8:19CV572
                                )
                    Plaintiff,  )
                                )
          v.                    )
                                )      PLAINTIFF'S EXHIBIT LIST
CITY OF OMAHA, a Municipal      )
Corporation, TODD SCHMADERER,   )
Chief of Police of the Omaha Police )
Department, in his official and individual )
Capacity                        )
                                )
                    Defendants. )

| EXHIBIT NO. PL    DF    3PTY | DESCRIPTIONS | OFF | OBJ | RCV | NOT RCV | DATE |
|---|---|---|---|---|---|---|
| 1 | Tim Young Investigation File | | H,R, O[7] | | | |
| 2 | Executive Order No. S-33-16 | | | | | |
| 3 | Line Investigation file 2018 - 308 (Gonzalez) re: overtime | | | | | |
| 4 | 2017-2018 Precinct Captains Overtime Sheets | | | | | |
| 5 | 2017-2018 Various Officers Overtime Sheets | | R | | | |
| 6 | Investigation file - Gonzalez/Reyes - Carpet Complaint | | | | | |
| 7 | 2010 Investigation file of Kathy Gonzalez's Complaint against Neumann | | H,R, O[1] | | | |
| 8 | 2010 Investigation file of Staci Witkowski's Complaint against Neumann | | H,R, O[1] | | | |
| 9 | 6/7/18 - Email to Chief Schmaderer from Shelley Lesac - Precinct Spreadsheets - Overtime ("Book3 2018" attachment) | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 10 | | | 6/6/18 - Email to Chief Schmaderer from Shelley Lesac   - Overtime Spreadsheets/Unsigned OPD Overtime Sheets attached (sent 12:36 pm) | | | |
| 11 | | | 6/6/18 - Email to Lt. Charles Ott from Shelley Lesac with spreadsheet of only Kathy ("Book1" attachment) | | | |
| 12 | | | 6/6/18 - Email to Dan Nelson From Lt. Charles Ott cc: Shelley Lesac re: key to office | H,R, | | |
| 13 | | | 9/12/2018 City's response to Kathy's NEOC retaliation charge | H,R, O[1] | | |
| 14 | | | City's Answers to Interrogatories - 4-9-21 | H,R | | |
| 15 | | | City's Supplemental Answers to Interrogatories - 5-27-21 | H,R | | |
| 16 | | | Palmer Consent Decree - Bate Stamp Nos. 0228-0245 | H,R, F, O[1] | | |
| 17 | | | 2017 Schmaderer Interview Notes of Kathy's DC Interview | | | |
| 18 | | | 2017 Newman Interview Notes of Kathy's DC Interview | | | |
| 19 | | | 10/26/16 Compstat Meeting Minutes | H,R, O[2] | | |
| 20 | | | OPD Traffic Stops chart (1/1/16-9/30/16) | | | |
| 21 | | | 1/19/17 Compstat Meeting Minutes | H,R, O[2] | | |
| 22 | | | 8/14/18 Inter-Office memo from Gray to Schmaderer re: Tierney's bullying complaint | | | |
| 23 | | | Bang Disciplinary History | H,R, O[2] | | |
| 24 | | | Neumann Disciplinary History | H,R, O[1] | | |
| 25 | | | Command Staff Meeting Minutes | H,R, O[2] | | |
| 26 | | | April 27, 2018 Email (KBG 0055) | H,R, O[2] | | |

| 27 | | | Emails (KBG 0053-0054) | H,R, O[2] | | | |
| 28 | | | Plaintiff's Responses to First Request for Production of Documents | H,R | | | |
| 29 | | | Email chain subject "favor" | H,R O[6] | | | |
| 30 | | | Executive Order No. 5-5-10 | | | | |
| 31 | | | 1-2-18 letter to Officer Dawson (KBG 0074) | H,R,F , O[2] | | | |
| 32 | | | 2010 Performance appraisal of Kathy Belcastro-Gonzalez - Bate Stamp Nos. 0001-0006 | H,R, O[6] | | | |
| 33 | | | 9/1/17 Letter to Capt. Gonzalez from Tim Young re: Investigation; 9/12/17 e-mail to Tim Young from Capt. Gonzalez - Bate Stamp No. 0007-0009 | pg 9 H,R, O[1], O[2] | | | |
| 34 | | | 5/3/17 e-mail from James E. Fleming to Staci Witkowski - Bate Stamp Nos. 0010-0013 | H,R,F , O[1] | | | |
| 35 | | | Capt. Gonzalez Accolades and accomplishments - Bate Stamp Nos. 0014-0030 | H,R, F, O4 | | | |
| 36 | | | 12/3/15 E-Mail from Capt. Gonzalez to Tina Rowe - Bate Stamp No. 0031 | H,R, F, O[6] | | | |
| 37 | | | 6/1/18 e-mail from George Merithew to Tim Young - Bate Stamp Nos. 0032-0033 | H, R, F, O[1] | | | |
| 38 | | | 2015 Omaha Police Department Assessment Process- Bate Stamp Nos. 0034-0039 | H,R, F, O[6] | | | |
| 39 | | | Requests to Capt. Gonzalez for recommendation letters - Bate Stamp Nos. 0040-0043 | H,R,F | | | |
| 40 | | | KETV News Story regarding Candace Phillips promotion and then suspension - Bate Stamp Nos. 0044-0051 | H, R, F, O[7] | | | |
| 41 | | | Slide Show of latest and new pursuit training - Bate Stamp No. 0052 | H,R, F | | | |

3

| 42 | | | 9/11/17 E-Mail from Deputy Chief Greg Gonzalez to Capt. Thomas Shaffer - Bate Stamp Nos. 0053 - 0054 | H,R, F, O$^2$ | | | |
|---|---|---|---|---|---|---|---|
| 43 | | | 4/27/18 E-mail from Deputy Chief Greg Gonzales to Capt Horine - Bate Stamp Nos. 0055-0056 | H, R, F, O$^2$ | | | |
| 44 | | | Seniority List - Seniority Number Order - Bate Stamp Nos. 0057-0058 | H,R,F , O$^8$ | | | |
| 45 | | | 8/20/19 E-mail between DC Michele Bang and Capt. Gonzalez - Bate Stamp Nos. 0059-0061 | H,R | | | |
| 46 | | | OPD Personnel Order dated 3/6/17 re: Lt. Mark Desler and Lt. Catherine C. Milone - Bate Stamp Nos. 0062-0072 | H,R, F, O$^7$ | | | |
| 47 | | | 11/8/17 email from Kelly Hall to Capt. Belcastro-Gonzalez - Bate Stamp No. 0073 | H,R, O$^2$ | | | |
| 48 | | | 1/2/18 - Officer Dawson Brady/Giglio Determination - Bate Stamp Nos. 0074-0076 | H,R,F ,O$^2$ | | | |
| 49 | | | 10/2/18 - Letter from Chief Schmaderer to Sgt. Elliott - Bate Stamp Nos. 0077-0079 | H,R, O$^2$ | | | |
| 50 | | | Officer Terrence Cabral protest punishment for topless photos article - Bate Stamp Nos. 0080-0087 | H,R, F, O$^2$ | | | |
| 51 | | | City Personnel Policy (Hiring and Promotion Procedures) approved by City Council 4/4/00 - Bate Stamp Nos. 0088-0092 | | | | |
| 52 | | | 3/23/18 - E-mail re: Anna Colon promotion - Bate Stamp Nos. 0093-0097 | H,R, F, O$^2$ | | | |
| 53 | | | 2/11/19 - E-mail re: Michele Bang - Bate Stamp Nos. 0098 -0102 | H,R, F, O$^2$ | | | |
| 54 | | | 6/15/18 - E-mail from Lt. Cerveny to Capt. Katherine Belcastro - Bate Stamp Nos. 0103-0104 | H,R | | | |
| 55 | | | 4/29/15 E-mail re: BDB - Bate Stamp No. 105 | H,R,F , O$^2$ | | | |

4

| 56 | | | OPD Senior Command Monthly Meeting 1/9/18 - Bate Stamp Nos. 0106 - 0111 | H,R, O² | | | |
| 57 | | | Emails dated 3/15/18 from Capt. Thomas Shaffer to Capt. Mark Matuza and others - Bate Stamp Nos. 0112 - 0115 | H,R, O⁷ | | | |
| 58 | | | Emails dated 3/6/14/18 re: Tom Shafer - Bate Stamp Nos. 0116-0118 | H,R,F | | | |
| 59 | | | E-mail re: Hospital Guard - CB OIS Suspect - Bate Stamp Nos. 0119 - 0121 | H,R,F ,O² | | | |
| 60 | | | 7/19/18 e-mail re: conversation after command meeting with Mark Matuza - Bate Stamp No. 0122 | H,R,F | | | |
| 61 | | | Command Staff Minutes 8/8/18 - Bate Stamp No. 0123 | H,R, O⁷⁻⁸ | | | |
| 62 | | | 4/2/18 e-mail re; pursuit review - Bate Stamp No. 0124 | H,R,F | | | |
| 63 | | | OPD Motto: To "Serve and Protect" - Bate Stamp Nos. 0125 - 0126 | 125 - X 126- H,R,F | | | |
| 64 | | | Email dated 10/5/17 - between Chief Schmaderer re: Briefing with Deputy Chiefs and Captains - Bate Stamp Nos. 0127 - 0144 | H,R,F ,O⁷ | | | |
| 65 | | | E-mail dated 10/20/16 - From Capt. Gonzalez to Jennifer Fleming re: 10/7 calls - Bate Stamp Nos. 0145 - 0147 | H,R,F ,O⁷ | | | |
| 66 | | | Southeast precinct 2018 traffic stops Bate Stamp Nos. 0148 - 0150 | | | | |
| 67 | | | 8/11/18 E-mail from Michelle Bang re: suspicious parties - Bate Stamp Nos. 0151-0153 | H,R, O⁷ | | | |
| 68 | | | Employee Information - Kenneth S. Kanger - Bate Stamp Nos. 0154-0156 | H,R, O² | | | |
| 69 | | | 9/19/17 - Email - Meeting With Chief Schmaderer - Bate Stamp No. 0157 | H,R, F | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 70 | | | Various -Email - DC Baker to Capt Gonzalez re: acting DC - Bate Stamp Nos. 0158-0175 | | H,R, O[6] | | |
| 71 | | | 3/5/18 - Email - to Captain Mark Matuza from Capt. Belcastro-Gonzalez - Bate Stamp Nos. 0176-0198 | | H,R | | |
| 72 | | | 8/2/18 - E-mail to Captain Michele Bank from Capt. Belcastro-Gonzalez re: Jen Hansen Bate Stamp Nos. 0199-0200 | | H,R, O[7] | | |
| 73 | | | 6/15/18 -E-mail from Captain Shaffer to other Captains re: Overtime requests - Bate Stamp Nos. 0201-0202 | | H,R, F | | |
| 74 | | | 6/20/18 - E-mail from Captain Gonzalez to Captain Marcia West re: Overtime - Bate Stamp Nos. 0203-0205 | | H,R,F | | |
| 75 | | | 6/26/18 - email re: call from Cerveny - Bate Stamp 0206 | | H,R,F | | |
| 76 | | | 3/13/18 - email from Chief Schmaderer to Captains re: AWR-167 Course Bate Stamp Nos. 0207 - 0209 | | | | |
| 77 | | | 11/1/16 email from Patricia Mendick to Capt. Gonzalez - Bate Stamp Nos. 0210-0212 | | H,R | | |
| 78 | | | 9/13/18 email re: Awards - Bate Stamp Nos. 0213 - 0216 | | H,R, F, O[7] | | |
| 79 | | | 10/9/18 CIB Staff Meeting - Bate Stamp Nos. 0217 - 0226 | | H,R, O[2] | | |
| 80 | | | 10/29/18 e-mail re: Sherie and Bang and Schmaderer - Bate Stamp No. 0227 | | H,R, O[7] | | |
| 81 | | | OPD Internal Information dated 7/14/2010 - Bate Stamp Nos. 0250-0251 | | | | |
| 82 | | | OPD Internal Information dated 12/22/2019 - Bate Stamp Nos. 0252-0253 | | H,R, O[7] | | |
| 83 | | | NEOC Files (CD) SUB Bate Stamps 00001-01173 | | H,R, O[1] | | |
| 84 | | | OPD General Order October 2016 - Bate Stamp Nos. 0254-0262 | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 85 | | | 5/22/2018 e-mail from Chief Schmaderer RE: OPD Overtime - Bate Stamp Nos. 0263-0264 | H,R | | | |
| 86 | | | 5/29/2018 e-mail from Kathy Gonzalez re: conversation with Tom Shaffer - Bate Stamp Nos. 0265-0266 | H,R, F | | | |
| 87 | | | 6/27/2018 e-mail from Chief Schmaderer RE: Overtime Directives -   Bate Stamp Nos. 0267-0268 | | | | |
| 88 | | | USB   - containing Tim Young's meeting with Plaintiff, Staci Witkowski and Tom White - No Bate Stamp Number. | H,R, O[1] and O[7] | | | |
| 89 | | | Article entitled "Officer, suspect injured in OPD Gang Unit pursuit - Bate Stamp Nos. 0269-0272 | H,R, F | | | |
| 90 | | | Video of Plaintiff's statement made on March 8, 2018 re: incident - No Bate Stamp Number | H,R,F | | | |

KATHERINE BELCASTRO GONZALEZ, PLAINTIFF


BY:    s/Thomas M. White
Thomas M. White #17452
Amy S. Jorgensen, #23215
WHITE & JORGENSEN
3114 St. Mary's Avenue
Omaha, Nebraska   68105
(402) 346-5700

ATTORNEYS FOR PLAINTIFF

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the above and foregoing document was served upon Michelle Peters, City of Omaha, 1819 Farnam Street, Suite 804, Omaha, NE 68183, by e-mailing the same on this 4th day of August, 2022.


    s/Thomas M. White

DEFENDANTS' "OTHER" OBJECTIONS TO PLAINITFF'S EXHIBIT LIST

O[1]   Matters that were covered in Defendants' Motion in Limine

O[2]   Matters that are confidential information of the Omaha Police Department and/or
       Confidential personnel information of non-parties

O[3]   Pleading which contains claims and parties that have been dismissed

O[4]   Pages 14-21 are personal notes of every assignment/seminar, etc. that Plaintiff has had
       in the last 25 years

O[6]   Not timely

O[7]   F.R.E. 403 – not helpful to jurors and likely to confuse issues

O[8]   Document is incomplete

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHERINE BELCASTRO-GONZALEZ, | ) ) ) | Case No. 8:19CV572-JFB-SMB |
| Plaintiff, | ) ) | **DEFENDANTS' LIST OF EXHIBITS** |
| v. | ) ) | |
| CITY OF OMAHA, a political subdivision, and TODD SCHMADERER, | ) ) ) | |
| Defendants. | ) ) | |

Courtroom Deputy:

Court Reporter:

Trial Dates:  September 6-9, 2022

| Exhibit No. PLF | DEF | DESCRIPTION | OFF | OBJ | RECD | NOT RECD | DATE |
|---|---|---|---|---|---|---|---|
| | 100 | Plaintiff's complaint of discrimination filed in 2010 | | | | | |
| | 101 | Investigation Disposition of II No. 26387 (2010 investigation) (2 pages) | | | | | |
| | 102 | Plaintiff's 4/29/17 complaint of discrimination filed with Mayor's office | | | | | |
| | 103 | Mayor's Exec. Order on discrimination in workplace 2010 | | | | | |
| | 104 | Mayor's Exec Order on discrimination in workplace 2017 | | | | | |
| | 105 | 9/1/17 letter from T. Young to Plaintiff re: investigation findings (3 pages) | | | | | |
| | 106 | 2/9/10 Letter of Discipline from Alex Hayes re: violations of travel policy (2 pages) | | R,H | | | |
| | 107 | 2018-0308 Line Investigation re: overtime: case summary (12 pages); Interoffice summary by D/C Gray (1 page); Investigation disposition, (3 pages), and Internal Information (1 page) | | R,H | | | |
| | 108 | OPD Traffic stops by precinct 1/1/16 to 9/30/16 | | R,H | | | |

**OBJECTIONS**
**R**:  Relevancy
**H**:  Hearsay
**A**:  Authenticity
**O**:  Other (specify)

1

| Exhibit No. PLF | DEF | DESCRIPTION | OFF | OBJ | RECD | NOT RECD | DATE |
|---|---|---|---|---|---|---|---|
| | 109 | 11/20/16 Plaintiff email to lts. And sgts re: traffic stops | | R,H | | | |
| | 110 | OPD Traffic stops by precinct 2/17-2/18 | | R,H | | | |
| | 111 | Gallup Engagement by Captains graph | | R,H | | | |
| | 112 | Email from Schmaderer to Rowland and Hayes dated 4/8/11 re: Internal Information report/ Discussion with Plaintiff and Neumann | | R,H | | | |
| | 113 | Interoffice from Scott Gray to Schmaderer dated 8/14/18 re: Darci Tierney and attachments (3 pages) | | R,H | | | |
| | 114 | Internal Affairs Investigation 2018-200 Case summary (3 pages) and investigative disposition (4 pages) | | R,H | | | |
| | 115 | 10/31/18 Letter of commendation from Schmaderer to Plaintiff | | R,H | | | |
| | 116 | City of Omaha ordinances relating to promotions 23-191 to 23-204 | | | | | |
| | 117 | City of Omaha ordinances relating to provisional (interim) appointments - | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**OBJECTIONS**
**R:** Relevancy
**H:** Hearsay
**A:** Authenticity
**O:** Other (specify)

2

CITY OF OMAHA, et al., Defendants

By  s/Michelle Peters
     MICHELLE PETERS, No. 20021
     Deputy City Attorney
     Attorney for Defendant
     804 Omaha/Douglas Civic Center
     1819 Farnam Street
     Omaha, NE 68183
     Telephone:  402/444-5115
     Fax:  402-444-5125

**OBJECTIONS**
**R**: Relevancy
**H**: Hearsay
**A**: Authenticity
**O**: Other (specify)

Gregory A Harr

Cases Testified in the last four years

Simon v Simon     Washington Cnty

Thorman v Thorman   Douglas Cnty

Hawkins v Hawkins     Washington Cnty

Seivert v Alli    Douglas Cnty

Muhs/Moose Roofing v    Sarpy County

**STATEMENT OF QUALIFICATIONS**

**GREGORY A. HARR CPA/ABV/CEPA**

**Academic and Professional Credentials**

BSBA Creighton University 1976

Certified Public Accountant

American Institute of Certified Public Accountants, Accredited in Business Valuation

Exit Planning Institute, Certified Exit Planning Advisor

**Position and Experience**

Partner, O'Donnell, Ficenec, Wills & Ferdig, LLP (1983-Present)

Qualified as an expert witness on business valuation issues

**Professional Affiliations**

Nebraska Society of Certified Public Accountants

American Institute of Certified Public Accountants

National Association of Certified Valuators and Analysts

Exit Planning Institute

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHERINE BELCASTRO GONZALEZ, | ) | CASE NO. 8:19CV572 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | PLAINTIFF'S DEPOSITION |
| CITY OF OMAHA, a Municipal | ) | DESIGNATIONS |
| Corporation, TODD SCHMADERER, | ) | |
| Chief of Police of the Omaha Police | ) | |
| Department, in his official and individual | ) | |
| Capacity | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, by and through her attorneys, and hereby submit her Deposition Designations as follows:

SCOTT GRAY
4:1-4
28:24-29:19
29:24-30:8
33:23-34:9
38:10-21
53:3-13

SHELLEY LESAC
4:3-6
14:13-16
20:15-17
41:19-44:3

PATRICK ROWLAND
4:1-4
28:4-13
29:2-13
30:23-31:4
31:12-32:5
32:6-21
34:18-23
36:14-37:23
38:2-5
38:6-39:12

39:25-40:10
40:17-41:16
41:17-21
42:17-43:7
43:15-17
43:18-24
45:20-47:1
47:2-6
52:8-18
56:2-17
60:24-61:13
61:14-62:10
63:6-64:5
64:6-12

THOMAS SCHAFFER
4:1-4
18:11-20:25
29:7-30:1
87:1-12          .

CHIEF TODD SCHMADERER
5:4-7
13:16-16:2
21:11-14
25:25-26:2
28:12-16
46:4-16
28:17-24
32:23-33:4
33:5-11
35:8-13
35:14-36:1
36:5-37:4
37:5-9
38:7-16
39:2-9
39:10-18
39:19-40:2
40:3-15
50:9-53:10
57:8-59:7
68:23-69:17

69:19-70:12
70:15-71:7
79:22-80:5
81:20-24
81:25:82:7
89:12-90:3
92:24-93:22
98:14-99:3
115:8-12
116:8-13
135:2-13
132:2-20
133:3-12
144:1-8
147:6-11
148:18-149:14
149:21-150:15
151:4-15
152:1-11
153:13-24
153:25-154:9
154:13-22
154:23-155:9
176:17-20
177:10-178:22
179:10-15
179:16-24
184:24-185:9


TIM YOUNG
4:3-6
20:17-21:14
21:10-22
32:17-33:6
41:22-42:10
44:20-45:5
45:6-17
45:6-11
45:25-51:1
55:5-9;
98:11-21
57:6-9

57:10-14
57:15-17
67:16-24
68:14-69:3
69:4-70:23
70:24-71:17
72:3-11

KATHERINE BELCASTRO GONZALEZ,
PLAINTIFF


BY:   s/Thomas M. White
      Thomas M. White #17452
      Amy S. Jorgensen, #23215
      WHITE & JORGENSEN
      3114 St. Mary's Avenue
      Omaha, Nebraska  68105
      (402) 346-5700

      ATTORNEYS FOR PLAINTIFF


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing document was served upon Michelle Peters, City of Omaha, 1819 Farnam Street, Suite 804, Omaha, NE 68183, by e-mailing the same on this   2nd   day of August, 2022.


      s/Thomas M. White


4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| KATHERINE BELCASTRO-GONZALEZ, | ) | **Case No. 8:19-cv-572** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **DEFENDANTS' OBJECTIONS** |
| | ) | **TO PLAINTIFF'S DEPOSITION** |
| THE CITY OF OMAHA, a municipal | ) | **DESIGNATIONS** |
| corporation, and TODD SCHMADERER, Chief | ) | |
| of Police of the Omaha Police Department, in | ) | |
| his official and individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW the Defendants City of Omaha and Todd Schmaderer, by and through their undersigned counsel of record, and hereby make the following objections to the deposition designations of Plaintiff:

1)      Defendants object to Plaintiff's designation of deposition testimony of Scott Gray, Patrick Rowland and Tom Shaffer to be used at trial in lieu of live testimony. Federal Rule of Civil Procedure 32(a)(3) provides that "An adverse party may use for any purpose the deposition of a party or any who when deposed was the party's officer, director, managing agent, or designee…." None of these gentlemen are parties and none are or were in a role to bind the City. These witnesses will be available to testify live at trial and there is no good cause cited by Plaintiff for utilizing deposition testimony in lieu of live testimony.

2)      With regard to the deposition testimony of Shelley Lesac, civilian employee (not a party or otherwise qualified as a decision-maker under F.R.Civ.P. 32(a)(3)), Defendant will stipulate to some of the deposition testimony so that Plaintiff does not have to subpoena Ms. Lesac to testify. There are some spreadsheets she created which will be offered by both sides and for which Defendant does not have a foundational objection. However, for completeness, Defendant would like some background information included so the jury understands what role Ms. Lesac

1

played. In that regard, Defendants suggests including deposition excerpts **7:14-18, 13:4-17 and 20:2-17.**

In addition, Defendant objects to the proffered testimony in **41:19-44:3**. That testimony relates to other OPD employees who were either sergeants or lieutenants in specialty positions that were not similarly situated to Plaintiff and therefore this information is not relevant to this case. In addition, Ms. Lesac was merely the scribe and compiler of the information on overtime, it was not her duty to analyze it. She just presented her information to D/C Gray and Chief Schmaderer, who can testify as to their analysis of the data.

3)   Plaintiff has identified a large number of excerpts from Chief Schmaderer's deposition. Although the Chief is a named party and is also a department director and thus the provisions of F.R.Civ.P. 32(a)(3) would apply to his deposition testimony, Defendants would submit that this deposition testimony not be allowed because the Chief will be available to testify live and this use of his deposition would be inefficient, duplicative and confusing to the jury. The Defendants understand it is within the Court's discretion to whether to admit deposition testimony at trial. *Lear v. Equitable Life Assurance Soc'y*, 798 F.2d 1128, 1135 (8th Cir. 1986). However, district courts often "require that a deposed witness testify live, if available" because "it is always better if the jury can observe the witness firsthand to judge [the witness's] demeanor." *Dhyne v. Meiners Thriftway, Inc.*, 184 F.3d 983, 989-90 (8th Cir. 1999) (internal quotation marks omitted). "The practice cannot possibly cause unfair prejudice, because the party wishing to use deposition testimony can call the adverse witness live, impeach [the adverse witness] with the deposition if necessary, and even question the witness using the exact same questions asked at the deposition." *Id.* at 990 (affirming district court's refusal to permit plaintiff to use the deposition testimony of defendant's corporate officer, who was available to testify); *Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, 310 F.R.D. 341, 344 (E.D. Mich. 2015) (reasoning that, although the

deposition of a party's corporate representative may be used for any purpose, "nothing in the [rule] indicates that [it] may be used *at any time or in any manner* as a party sees fit"). The Defendants have also listed various objections below to the proffered testimony. As such, any recitation of the deposition testimony will be disjointed and likely confusing to the jury when the Chief will definitely be called by the Defendant. It is also likely the Chief will be called by Plaintiff, so it would be a waste of time to have such duplication of testimony.

In the alternative, Defendants object to the following designations of **Chief Todd Schmaderer:**

A)      **13:16-16:2.** This designation relates to the response proffered to the NEOC charge filed by Plaintiff. Plaintiff is under the impression that only the reasons for not promoting Plaintiff by the City in its response are the only reasons that may be given now. Defendants have found no case law that supports that contention. In addition, there is testimony given by Mr. White (See 15:12-17), to that effect, which Defendants believe is an incorrect statement of the law. Finally, for the reasons set forth in Defendants' Motion in Limine, discussion of the NEOC charges is not relevant and likely to cause confusion to the jurors.

B)      **28:17-24.** This testimony relates to the issue of the Palmer Consent Decree that was raised in Defendants' Motion in Limine as to whether Chief's interviews have to be recorded or not. This is not of relevance in this retaliation case.

C)      **46:4-16.** This is not an admission of a party. This testimony deals with the Chief reviewing a document which will be available at trial for the jurors to review and Plaintiff's counsel can inquire further.

D)      **33:5-11.** Defendants do not believe this designation is complete and would request to add lines **12-17.**

E)     **35:14-36:1** Defendants do not believe this designation is complete and would request to add lines **36:2-4.**

F)     **57:8-59:7.** This designation again relates to the response proffered to the NEOC charge filed by Plaintiff. In the response to the NEOC the City Attorney responded that Plaintiff regularly missed CompStat meetings and it should have been Senior Management meetings. Regardless, for the reasons set forth in Defendants' Motion in Limine, discussion of the NEOC charges is not relevant and likely to cause confusion to the jurors.

G)     **70:1-71:2.** This designation again relates to the response proffered to the NEOC charge filed by Plaintiff. In the response to the NEOC the City Attorney responded that Plaintiff regularly missed CompStat meetings and it should have been Senior Management meetings. Regardless, for the reasons set forth in Defendants' Motion in Limine,

H)     **82:3-7.** This designation once again relates to the response proffered to the NEOC charge filed by Plaintiff. For the reasons set forth in Defendants' Motion in Limine, discussion of the NEOC charges is not relevant and likely to cause confusion to the jurors.

I)     **89:12-90:3.** This testimony relates to matter addressed in Defendants' Motion in Limine, specifically relating to the request to preclude any testimony of any witness regarding discrimination or harassment by KN; specifically, the testimony of Staci Witkowski and her charges of discrimination filed in 2010/2011 regarding KN.

J)     **92:24-93:22.** This testimony relates to matter addressed in Defendants' Motion in Limine, specifically relating to the request to preclude any testimony of any witness regarding discrimination or harassment by KN; specifically, the testimony of Staci Witkowski and her charges of discrimination filed in 2010/2011 regarding KN.

4

K)      **98:14-99:3**.  Once again, this testimony relates to matter addressed in Defendants'
Motion in Limine, specifically relating to the request to preclude any testimony of any witness
regarding discrimination or harassment by KN.

L)      **132:2-20.** As identified, that designation is incomplete. This line of questioning
specifically describes an exhibit which will be offered in this case. If Plaintiff wants to use this as
an admission, then the Defendants would add **125:8-19 and 131:19-132:1** for completeness.

M)      **148:18-151:15.** As identified, that designation is incomplete. For completeness, the
entire section should be read which includes **149:15-20 and 150:16-3**.

N)      **153:13-24, 153:25-154:9, 154:13-22, 154:23-155:9.** This testimony relates to other
OPD employees who were either sergeants or lieutenants in specialty positions that were not
similarly situated to Plaintiff and therefore this information is not relevant to this case.

O)      **177:10-178:22.**  Defendants don't object to 177:10-14 – ending with "I don't know
that." The remainder of that testimony is full of hearsay and is otherwise not clear and will be
confusing to the jury. This witness will be available for live testimony and Plaintiff's counsel can
ask follow up questions, if necessary.

4)      Plaintiff has also identified a large number of excerpts of Tim Young's deposition.
Mr. Young was the former HR Director (not at the time of his deposition) but he was a party at the
time of his deposition. Mr. Young's testimony largely relates to his investigation into Plaintiff's
2017 complaint regarding KN. Based on Defendants' objections in their Motion in Limine, it is
impossible for Defendants to agree to the admissibility of any of his testimony at this time.
Defendants do not believe that doing a mini-trial on the adequacy of Mr. Young's investigation is
relevant to this case and would likely cause delay and confusion under F.R.E. 403.

DATED this 4th day of August, 2022.

CITY OF OMAHA, *et al.*, Defendants,

/s/ Michelle Peters
MICHELLE PETERS, No. 20021
Deputy City Attorney
1819 Farnam Street, Suite 804
Omaha, NE 68183
Telephone:  (402) 444-5115
michelle.peters@cityofomaha.org
Attorney for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2022, I emailed the foregoing **OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS** to the Hon. Susan Bazis, bazis@ned.uscourts.gov, and Tom White and Amy Jorgensen, twhite@whitejorgensen.com., ajorgensen@whitejorgensen.com.

/s/ Michelle Peters