IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHERINE BELCASTRO-GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA, a Municipal Corporation; and TODD SCHMADERER, Chief of Police of the Omaha Police Department, in his official and individual Capacity;<br><br>Defendants. | 8:19CV572<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the defendants', City of Omaha and Todd Schmaderer (collectively, "the City"), motion in limine, Filing No. 103.

I.   BACKGROUND

This is an action for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The plaintiff alleges that she was denied a promotion to the rank of Deputy Chief in June 2018 in retaliation for her exercise of Title VII rights. This action is set for trial on September 6, 2022.

The City moves in limine for an order:

1) Precluding the testimony of any witness regarding discrimination or harassment by KN; specifically, the testimony of Staci Witkowski and her charges of discrimination filed in 2010/11 regarding KN and unformalized claims by Lori Schenkelberg, Marlene Rieder (Novotny), Catherine Milone, and Stefanie Fidone.

2) Precluding the testimony of any reference to the Palmer Consent Decree.

3) Precluding any evidence or testimony of other pending or former lawsuits filed against Chief Schmaderer and any testimony that the Chief retaliated against others.

4) Precluding any testimony regarding or admission of the charge/finding/ investigation of Plaintiff's NEOC charge(s) of discrimination.

1

5) Precluding the testimony regarding Plaintiff's termination from the City.

6) Golden Rule argument.

7) Exclusion of other witnesses from courtroom if not testifying under Federal Rule of Evidence 615.

Filing No. 104, Defendants' Brief at 2–3.

The plaintiff concedes the motion as to the preclusion of evidence of other lawsuits against Chief Schmaderer and testimony that Chief Schmaderer retaliated against others (Request 3), evidence of Belcastro-Gonzalez's termination (Request 5); the "golden rule" argument (Request 6), and it agrees to exclude witnesses from courtroom if not testifying (Request 7). Filing No. 106 at 3. The motion will be granted as to those requests.

The defendants rely on Rule 403 in support of remaining requests. The City contends the danger of prejudice and/or confusion outweighs the probative value of evidence that relates to 2010 complaints, evidence of harassment complaints by others, evidence of the Palmer Consent Decree, and evidence of the NEOC proceedings. The plaintiff counters that the challenged evidence will be offered only as background information and for limited purposes.

II. LAW

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child & Fam. Servs., 115 F.3d 436, 440 (7th Cir. 1997)*. A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would

2

be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.*

Moreover, "pretrial Rule 403 exclusions should rarely be granted. . . . [a] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original). "Evidentiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000); *see also Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (noting that evidentiary rulings, especially those that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context). To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

III. DISCUSSION

Several of the defendants' requests are tied to its motion for summary judgment, which has now been resolved. Evidence that relates to the plaintiff's protected activities, including protesting other discriminatory behavior, is generally relevant. The Court finds evidence that relates to the filing of the 2010 complaints and the City's alleged "burying" of the complaints is relevant as background to and explanation of the reasons underlying the 2017 complaint. A blanket refusal to admit the evidence would

make it difficult for the plaintiff to prove her case. Any potential confusion can be addressed in a limiting instruction.

At this point, the Court cannot evaluate the balance of relevance to prejudice in connection with other witnesses' testimony about discrimination or harassment by Kerry Neumann. Generally, the Court admits evidence of other acts only if sufficiently similar to or connected to the challenged conduct or to rebut the opposing party's evidence or argument. Such evidence is sometimes admitted with a cautionary instruction. The Court is unable to determine the relevance of the information in the context of a pretrial motion.

Evidence of the Palmer Consent decree could be helpful to the jury's understanding of the City's hiring process. However, the evidence will not be admitted as proof of past discrimination or of generalized wrongdoing by the City. It may be relevant to Chief Schmaderer's credibility or to rebut the defendant's evidence. The Court cannot determine the relevance of the consent decree in this context.

The plaintiff agrees that NEOC findings are generally inadmissible. The Court finds that evidence that relates to NEOC proceedings is generally inadmissible, but some aspects of the proceeding could be admissible to rebut the City's contention, or for impeachment purposes. Again, the Court cannot evaluate the admissibility of such evidence in a pretrial motion. The City's response to the complaint may be a statement against interest by a party opponent, and could be relevant to credibility, but the Court cannot determine that without seeing the evidence. The parties are admonished to approach the bench prior to offering any NEOC evidence.

Most of the evidence that the defendants' challenge appears to be prejudicial only in the sense that it may be detrimental to the City's case. The evidence is properly

the subject of objections at trial. Any concerns about undue prejudice can be handled by a cautionary or limiting instruction, but the Court cannot determine the ambit of such an instruction at this time. The Court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. Further, the Court will not admit evidence that is cumulative or redundant and will not conduct mini-trials on claims of other witnesses. To the extent the evidence could be helpful to the trier of fact, it will be admitted with a cautionary instruction. The Court finds the defendants' concerns can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, with a review of the evidence outside the presence of the jury, or in carefully constructed jury instructions. Accordingly, the Court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial. Accordingly,

    IT IS ORDERED:

    1.    The defendants' motion in limine (Filing No. 103) is granted in part and denied in part, without prejudice to reassertion at trial, in as set forth in this order.

    Dated this 17th day of August, 2022.

                                            BY THE COURT:

                                            s/ Joseph F. Bataillon  
                                            Senior United States District Judge