# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHERINE BELCASTRO GONZALEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF OMAHA, et al., ) <br> ) <br> Defendants. ) | CASE NO. 8:19CV572 |

Defendants City of Omaha and Chief Todd Schmaderer, by and through the undersigned attorney, pursuant to NECivR 51.1 and the Court's Order Re: Trial Preparation (Doc. #105), submit the following proposed Jury Instructions and Verdict Form.

# DEFENDANTS' PROPOSED INSTRUCTION NO. 1

Ladies and Gentlemen: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

[Describe your court's policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."]

This is a civil case brought by the plaintiff, Katherine Belcastro-Gonzalez, against the defendants, the City of Omaha and Chief Todd Schmaderer. Plaintiff alleges the City and the Chief retaliated against her by not promoting her to Deputy Chief of Police in 2018 after she made complaints to the Mayor in 2017 and a complaint to the Nebraska Equal Opportunity Commission in 2018. Defendants deny they retaliated against her and claim she was not the most qualified person for the job which is why she wasn't promoted. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendants.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law, which I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have

taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

Eighth Circuit Model Instruction 1.03 EXPLANATORY: GENERAL; NATURE OF CASE; DUTY OF JURY; CAUTIONARY (2021).

# DEFENDANTS' PROPOSED INSTRUCTION NO. 2

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you additional instructions. You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. [This is true even though I am not going to repeat some of the instructions I gave you [at the beginning of] [during] the trial.] [You will have copies of [the instructions I am about to give you now] [all of the instructions] in the jury room. [You will have copies of some of the instructions with you in the jury room; others you will not have copies of. This does not mean some instructions are more important than others.] Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

Eighth Circuit Model Instruction 3.01, EXPLANATORY: ADDITIONAL INSTRUCTIONS, (2021).

# DEFENDANTS' PROPOSED INSTRUCTION NO. 3

I have not intended to suggest what I think your verdict[s] should be by any of my rulings or comments during the trial.

[During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.]

Eighth Circuit Model Instruction 3.02, EXPLANATORY: JUDGE'S OPINION (2021).

# DEFENDANTS' PROPOSED INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time;1 whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

Eighth Circuit Model Instruction 3.03 EXPLANATORY: CREDIBILITY OF WITNESSES (2021).

# DEFENDANT'S PROPOSED INSTRUCTION NO. 5

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

Eighth Circuit Model Jury Instruction 3.04 EXPLANATORY: BURDEN OF PROOF (Ordinary Civil Case) (2021).

# DEFENDANT'S PROPOSED INSTRUCTION NO. 6

The parties have stipulated – that is, they have agreed—that the following facts are true. You must therefore, treat those facts as having been proved.

1. The Plaintiff, Katherine Belcastro-Gonzalez, is a Nebraskan, and was at all times relevant to this lawsuit was employed as a Captain by the City of Omaha Police Department.

2. The Defendant, City of Omaha, is a political subdivision with the State of Nebraska.

3. The Defendant, Chief Todd Schmaderer, is employed as the Chief of Police for the Omaha Police Department, and was Plaintiff's superior for the duration of the matters at issue herein. Todd Schmaderer became Chief of Police in August 2012.

4. That on March 26, 2018 and August 9, 2018, Plaintiff filed charges of discrimination/retaliation with the Nebraska Equal Opportunity Commission.

5. Plaintiff filed an allegation of discrimination against Kerry Neumann with the Omaha Police Department in 2010 which was not properly investigated.

6. Plaintiff filed a complaint in 2017 with the Mayor alleging that her 2010 complaint was not investigated and requested an investigation into why her 2010 complaint was not investigated.

7. It was appropriate for Plaintiff to file her 2017 complaint with the Mayor under the City Executive Order.

8. Plaintiff suffered an adverse employment action when Chief Schmaderer did not promote her to the rank of Deputy Chief on June 27, 2018.

Uncontroverted Facts, Pretrial Order, Doc. #105, filed 8/8/22.

# DEFENDANTS' PROPOSED INSTRUCTION NO. 7
## (Retaliation)

Your verdict must be for the plaintiff Katherine Belcastro Gonzalez, and against the defendants, City of Omaha and Chief Todd Schmaderer, on the plaintiff's retaliation claim if all the following elements have been proved:

*First,* the plaintiff filed an NEOC charge alleging discrimination and a complaint with the Mayor's office alleging she and others were being harassed and discriminated against on the basis of sex in 2010; and

*Second,* the defendant failed to promote the plaintiff; and (STIPULATED)

*Third,* Chief Todd Schmaderer would have promoted plaintiff but for plaintiff's filing of the complaints; and

If any of the above elements has not been proved, your verdict must be for the defendant and you need not proceed further in considering this claim.

"But for" does not require the plaintiff's filing of the complaints was the only reason for the Chief's decision not to promote her. You may find that the defendant would have promoted the plaintiff but for the plaintiff's complaints of discrimination and harassment if plaintiff has proven by a preponderance of the evidence that the defendant's stated reasons for his decision are not the real reasons, but are pretext to hide retaliation.

Eighth Circuit Model Jury Instruction 10.40 ELEMENTS OF CLAIM: RETALIATION FOR PARTICIPATION IN PROCEEDINGS UNDER EMPLOYMENT STATUTES (2021)

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

If you find in favor of the plaintiff under Instruction__ and if you answer "no" in response to the Verdict Form, question #1, then you must award the plaintiff such sum as you find will fairly and justly compensate the plaintiff for any damages you find the plaintiff sustained as a direct result of defendant's decision to not promote the plaintiff. The plaintiff's claim for damages includes two distinct types of damages and you must consider them separately:

*First,* you must determine the amount of any wages the plaintiff would have earned in her employment with the defendant if she had been promoted on [fill in date of hire] through the date of your verdict, minus the amount of earnings and benefits that the plaintiff received from working at the City of Omaha as a police Captain from _____ to _____ and at Creighton University from _____ to present.

*Second,* you must determine the amount of any other damages sustained by the plaintiff, such as [list damages supported by the evidence]. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

Remember, throughout your deliberations, you must not engage in any speculation, guess or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

Eighth Circuit Model Jury Instruction 5.70 DAMAGES: ACTUAL (2021)

# DEFENDANT'S PROPOSED INSTRUCTION NO. 9

You may not return a verdict for Plaintiff just because you might disagree with the Chief Schmaderer's decisions or believe them to be harsh or unreasonable. An employer has the right to make business decisions for good reason, bad reason, or no reason at all, absent intentional discrimination or retaliation.

Eighth Circuit Model Jury Instruction No. 5.02 EXPLANATORY: BUISNESS JUDGMENT (2021); see also *Walker v. AT& T Technologies,* 995 F.2d 846 (8th Cir. 1993) (it is reversible error to deny a defendant's request for an instruction which explains that an employer has a right to make subjective personnel decisions for any reason that is not discriminatory); *Langlie v. Onan Corp.,* 192 F.3d 1137, 1142 (8th Cir. 1999)(instruction regarding business judgment in retaliation case was not an abuse of discretion).

# DEFENDANTS' PROPOSED VERDICT FORM

**Question 1:** Has Chief Schmaderer proved that he would have failed to promote the Plaintiff regardless of Plaintiff's protected activity?

**Yes** _____  **No** _____

**Note:** If your answer to Question 1 is "yes," you must find in favor the Defendants on Question 2; skip Question 3, and have your foreperson sign and date this form because you have completed your deliberations on this claim. If your answer to Question 1 is "no", then you must proceed to Questions 2 and 3.

**Question 2:** On the retaliation claim of plaintiff Katherine Belcastro-Gonzlaez as submitted in Instruction \_\_\_\_\_, we find in favor of:

_____

(Plaintiff Katherine Belcastro-Gonzalez)   or (Defendants Todd Schmaderer and City of Omaha)

**Note:** If you find in favor of Plaintiff Katherine Belcastro-Gonzalez on Question 2, answer Question 3. If the above finding is in favor of the Defendants have your foreperson sign and date this form because you have completed your deliberations on this claim.

**Question 3:** We find the plaintiff's lost wages and benefits through the date of this verdict to be:

$ _____ (stating the amount or, if none, write the word "none").

We find the plaintiff's other damages, excluding lost wages and benefits, to be:

$ _____ (stating the amount [or, if you find that the plaintiff's damages do not have a monetary value, write in the nominal amount of One Dollar ($1.00)]).

_____<br>Foreperson

Dated: _____

Respectfully submitted,

        CITY OF OMAHA, Defendant,

        By /s Michelle Peters_____
           MICHELLE PETERS, No. 20021
           Deputy City Attorney
           Attorney for Defendants
           804 Omaha/Douglas Civic Center
           1819 Farnam Street
           Omaha, NE 68183
           Telephone: 402/444-5115
           Fax: 402/444-5125
           Email: michelle.peters@cityofomaha.org

## CERTIFICATE OF SERVICE

I hereby certify that on August 29th, 2022, I electronically filed the foregoing **DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND PROPOSED VERDICT FORM** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all the attorneys of record.

                                              __s/Michelle Peters_____