# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| KATHERINE BELCASTRO-GONZALEZ, | ) | CASE NO. 8:19CV572 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| CITY OF OMAHA, a Municipal Corporation, and TODD SCHMADERER, Chief of Police of the Omaha Police Department in his official and individual capacity, | ) | |
| Defendants. | ) | |

## DEFENDANTS' TRIAL BRIEF

Prepared and submitted by:
MICHELLE PETERS, No. 20021
Deputy City Attorney
Attorney for Defendants
1819 Farnam Street, Suite 804
Omaha, NE 68183
Telephone: 402/444-5115
Fax: 402-444-5125
Email: michelle.peters@cityofomaha.org

# INTRODUCTION AND FACTS

Defendants City of Omaha and Chief Todd Schmaderer submit this brief in advance of trial, which is currently scheduled for September 6-9, 2022. This is a case arising out of failure to promote Plaintiff to the rank of Deputy Chief in 2018, wherein the Plaintiff alleges she was not promoted in retaliation for a complaint she made in 2010, which was resurrected in 2017. Certain claims and parties have been dismissed on previous Motions and Agreements. The parties agree what remains for the Court to decide is whether the City of Omaha and Chief Todd Schmaderer retaliated against Plaintiff in 2018 when she was not promoted to Deputy Chief.

Summary Judgment was recently denied by this Court, so it is well aware of the facts in this case, but generally, the court will recall that on or about July 14, 2010, Plaintiff filed a Complaint about several employees of the Omaha Police Department with the Department's Internal Affairs Unit. None of those employees are or were ever defendants in this case. At that time, Alex Hayes (retired) was Chief of Police; not Todd Schmaderer. And at that time, Lt. Patrick Rowland (retired) was in charge of the Internal Affairs Unit in 2010 when Plaintiff's complaint was investigated. Both of those gentlemen will testify at trial and discuss their involvement in the investigation(s) and why they were handled the way the way they were.

Another female employee, Staci Witkowski (retired lieutenant), is expected to testify for the Plaintiff. She also filed a complaint about the same male and her complaint and it was also investigated by Lt. Rowland at the direction of Chief Hayes around 2011-12. As argued in Defendants' Motion in Limine, the testimony of Ms. Witkowski relating to a complaint she filed against a male employee in 2010-11 is not relevant to any claims of retaliation against Todd Schmaderer. Whether or not a previous administration investigated complaints about alleged discriminatory behavior in the rank and file of the police department is NOT an issue at this trial.

This evidence will be solicited by Plaintiff for the sole purpose of painting the Omaha Police Department in an unfavorable light and unduly prejudices the Defendants. This is not a discrimination case. This is retaliation case only. Defendants will continue to adamantly object to the admissibility of this evidence which may very likely become a basis for appeal. Again, Todd Schmaderer was not involved in the internal investigation filed in 2010 by Plaintiff (or any others) except to the extent that he may have sent the complaint up the chain of command.

In 2015, Plaintiff applied for the position of Deputy Chief and from that testing process promotions were made in 2017. The 2017 promotional process is not at issue in this lawsuit. On or about April 29, 2017, Plaintiff filed a complaint with the Mayor's Office alleging her 2010 compliant was not properly investigated. She did not raise any new complaints against the male employee and, in fact, admitted she didn't have any issues with him since her 2010 complaint.

Plaintiff has alleged her husband, who was a Deputy Chief with the Omaha Police Department at the time, was told (double hearsay) that the investigative file was found hidden under a desk. That is a false statement. Deputy Chief Tom Shaffer and Captain Keith Williamson will testify at trial that the investigative files were found in the regular course of business when the Internal Affairs Division was updating their records and scanning in old files. The files in question – along with hundreds of others – were in a storage area in the garage of the Omaha Police Department. Plaintiff and/or her husband heard what they wanted to hear, not the actual facts.

In response to Plaintiff's complaint, HR Director Tim Young undertook his own investigation in 2017 and generally found no misconduct on the part of the male employee. Plaintiff alleges that investigation was substandard. Mr. Young is no longer a defendant in this case. Chief Schmaderer did not participate in Mr. Young's investigation into Plaintiff's

complaints and was not involved in the outcome.

Plaintiff was not was promoted to Deputy Chief on September 27, 2017, but again, that promotional process is not at issue in this case.

In 2018, two additional Deputy Chief positions became available due to retirements. Plaintiff applied for those open positions. After the testing process, Plaintiff ranked first out of eight candidates, but she was not selected. All eight candidates were interviewed and Chief Schmaderer selected candidate #2 (Ken Kanger, white male) and #5 (Michele Bang, white female) on or about June 25, 2018. It is undisputed that the Chief can appoint anyone on the list and does not have to appoint in rank order.

The Chief has articulated many reasons why he did not promote Plaintiff to the position of Deputy Chief including: Plaintiff's poor attitude during a 2017 Chief's interview; Plaintiff's low score on the Gallup Corporation's Engagement Assessment survey; Plaintiff often missed senior command meetings; deputy chiefs and other people expressed their concerns with working with Plaintiff; a complaint relating to Plaintiff's unauthorized use of overtime, including a formal investigation about Plaintiff's overtime usage; Plaintiff's one-day suspension in 2010 for a violation of the travel policy; the Chief's belief that Plaintiff has shown lack of leadership on serious matters; and the fact that Plaintiff has neither a Master's Degree nor has she attended the FBI academy.

Plaintiff alleges these reasons are pretext for discrimination.

**LAW AND ARGUMENT**

**I.
RETALIATION**

The only claim remaining for consideration by the Jury is the Retaliation claim. Defendants have submitted Jury Instructions and a verdict form that reflect the Eighth Circuit Model Instructions regarding Retaliation. Defendants' Proposed Verdict Form reflects the case law of this Circuit regarding retaliation cases. Plaintiff bears the burden of proof on this claim of retaliation by providing evidence from which a jury could conclude that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) a causal connection exists between her protected activity and the adverse employment action. *Fezard v. United Cerebral Palsy of Cent. Ark.*, 809 F.3d 1006, 1011 (8th Cir. 2016) (citation omitted). However, if Defendants come forward with evidence of a legitimate, nonretaliatory basis for the adverse employment action, Plaintiff must then point to some evidence that Defendants' asserted basis is pretextual. *Id.* (citation omitted). "The plaintiff's ultimate burden in a Title VII retaliation case is to prove an impermissible retaliatory motive was the 'but-for cause' of the adverse employment action." *Donathan v. Oakley Grain, Inc.*, 861 F.3d 735, 739 (8th Cir. 2017).

Defendants' have come forward with at least eight or more reasons why Plaintiff was not promoted. Therefore, Defendants' Proposed Verdict Form includes the "but for" analysis.

## II.

## EVIDENTIARY ISSUES

### A. Witnesses Staci Witkowski and Stefanie Fidone

Based upon the Court's ruling on Defendants' Motion in Limine, Plaintiff has issued summons on these two witnesses. Based upon that ruling, Defendants understand that Ms. Witkowski may be able to testify about her complaint and the outcome of that investigation and Chief Schmaderer's participation in the investigation. Defendants do not believe that the contents

of her complaint regarding Kerry Neumann are relevant to any matter in this case and Defendants will continue to object to the admissibility of those matter.

With regard to Lt. Stefanie Fidone, she never filed a formal complaint about Kerry Neumann. But, during Lt. Fidone's deposition, Plaintiff's counsel asked her to describe some of the issues she had with Kerry Neumann going back to 2012. Plaintiff should not be allowed to go down these rabbit-holes. First, those incidents have absolutely no relevance to the retaliation case against Todd Schmaderer. In addition, these matters are not appropriate under F.R.Evid. 403. They are highly prejudicial to the defendants. Again, Plaintiff is seeking to tarnish the Omaha Police Department and Chief Schmaderer with issues that are not related to this case. Moreover, we only have four days to try this case. Allowing these witnesses/irrelevant testimony is a waste of judicial resources and may prevent the Defense from putting on its case.

**B.    NEOC file**

The Court ruled in its Order regarding Motions in Limine [Doc. # 109] that "evidence that relates to NEOC proceedings is generally inadmissible." But, the Court left open the door that "some aspects of the proceedings could be admissible to rebut the City's contention or for impeachment purposes." Defendants are not clear what exactly this latter statement means. Plaintiff has argued throughout this case that the Defendants are bound to the reasons the Chief didn't hire Plaintiff set forth in their NEOC response to Plaintiff's charge. Defense counsel has researched that issue and has not found any case law that supports this assertion. Moreover, Plaintiff did not provide any case law in her brief in opposition to the Motions in Limine that supports that contention. If such case law exists, counsel will certainly consider such an opinion. But absent controlling case law, Plaintiff should not continue to make such an argument to this court. Moreover, Plaintiff now also argues that the written response to the NEOC by the City of

of her complaint regarding Kerry Neumann are relevant to any matter in this case and Defendants will continue to object to the admissibility of those matter.

With regard to Lt. Stefanie Fidone, she never filed a formal complaint about Kerry Neumann. But, during Lt. Fidone's deposition, Plaintiff's counsel asked her to describe some of the issues she had with Kerry Neumann going back to 2012. Plaintiff should not be allowed to go down these rabbit-holes. First, those incidents have absolutely no relevance to the retaliation case against Todd Schmaderer. In addition, these matters are not appropriate under F.R.Evid. 403. They are highly prejudicial to the defendants. Again, Plaintiff is seeking to tarnish the Omaha Police Department and Chief Schmaderer with issues that are not related to this case. Moreover, we only have four days to try this case. Allowing these witnesses/irrelevant testimony is a waste of judicial resources and may prevent the Defense from putting on its case.

**B.    NEOC file**

The Court ruled in its Order regarding Motions in Limine [Doc. # 109] that "evidence that relates to NEOC proceedings is generally inadmissible." But, the Court left open the door that "some aspects of the proceedings could be admissible to rebut the City's contention or for impeachment purposes." Defendants are not clear what exactly this latter statement means. Plaintiff has argued throughout this case that the Defendants are bound to the reasons the Chief didn't hire Plaintiff set forth in their NEOC response to Plaintiff's charge. Defense counsel has researched that issue and has not found any case law that supports this assertion. Moreover, Plaintiff did not provide any case law in her brief in opposition to the Motions in Limine that supports that contention. If such case law exists, counsel will certainly consider such an opinion. But absent controlling case law, Plaintiff should not continue to make such an argument to this court. Moreover, Plaintiff now also argues that the written response to the NEOC by the City of

Omaha, as prepared by the undersigned counsel, is somehow an admission by a party-opponent. Again, this assertion is made without any supporting case law. While defense counsel can appreciate a creative argument, this is the first time I've heard that an unverified statement by an attorney can bind his/her client in future proceedings. We are not talking about sworn testimony or even an affidavit. It is a letter/position statement sent by me to the NEOC investigator. This is not an admission by any Defendant and therefore is clearly hearsay testimony not subject to any exception.

If the Court is inclined to let the Plaintiff impeach the Chief on such matters, then at the very least, the Defendants are entitled to a limiting instruction. The guidance in the Model Jury Instructions indicate that if the Court views this as a prior inconsistent statement, Fed. R. Evid. 105 gives the party the right to require a limiting instruction explaining that the use of this evidence is limited to credibility of the witness. This type of instruction would be appropriate because any statement attributed to the Chief was NOT given under oath at a prior trial, hearing or deposition. See Fed. R. Evid. 801(d)(1)(A).

### C.     Greg Gonzalez

Defendants believe that Mr. Gonzalez, Plaintiff's husband, is going to testify in this matter. Mr. Gonzalez is a former Deputy Chief of Police who worked under Chief Schmaderer until last year when he retired. It is not clear exactly what Mr. Gonzalez will testify to other than his conversation with Deputy Chief Shaffer regarding the Belcastro-Gonzalez and Witkowski investigation files. If that is the extent of his testimony, then Defendants will likely not have objections. However, Plaintiff's disclosures indicate that Mr. Gonzalez has "knowledge of events described in the Complaint," which is a very broad net. If Mr. Gonzalez wants to start laying out his laundry list of complaints regarding the Chief, then the Defendants have a right to impeach

him. Part of that impeachment would necessarily include the circumstances of his departure from the Omaha Police Department and the clear bias Mr. Gonzalez has against Chief Schmaderer. Normally, this type of impeachment would not be at issue. However, Mr. Gonzalez entered into an Agreement with the City of Omaha when he retired and a part of that agreement included the following "confidentiality" clause:

> The parties agree that they shall not disclose the contents of this Agreement unless such disclosure is required by law, order of the Court, or some similar legal obligation.

In addition, a public records request was recently made to the City regarding the Settlement Agreement. The City denied the request and the requesting party asked the Attorney General's Office to review that denial. The AG's office issued an opinion on 8/26/22 which indicated that the existence of the agreement is not confidential, but the contents of the agreement may be withheld under Neb. Rev. Stat. § 84-712.05(8). Indeed, the AG's opinion indicated that the City has an affirmative obligation to provide a "description of the contents of the records withheld" under Neb.Rev.Stat. § 84-712.04.

Defense counsel believes she has a legal and ethical obligation to present the best defense she can for her clients and part of that would be to impeach clearly biased witnesses. And defense counsel is concerned that Mr. Gonzalez is going to use that confidentiality agreement as a shield to allow him to testify against Chief Schmaderer without the Chief being able to impeach his credibility. Either Mr. Gonzalez's testimony needs to be limited or the City should be able to impeach his credibility notwithstanding the confidentiality agreement.

DATED this 29th day of August, 2022.

CITY OF OMAHA, *et al.,* Defendants

        By s/Michelle Peters
            MICHELLE PETERS, No. 20021
            Deputy City Attorney
            Attorney for Defendants
            1819 Farnam Street, Suite 804
            Omaha, NE 68183
            Telephone: 402/444-5115
            michelle.peters@cityofomaha.org

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(3), I hereby certify this brief complies with the requirements of NECivR 7.1(d)(1). Relying on the word-count function of Microsoft Office Word 2010, this document contains 2.354 words. The word-count function was applied to all text, including the caption, headings, footnotes, and quotations.

            s/ Michelle Peters
            Deputy City Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 29th, 2022, I electronically filed the foregoing **TRIAL BRIEF** with the Clerk of the Court using the CM/ECF system which sent notification to such filing to the following: Tom White and Amy Jorgensen, WHITE AND JORGENSEN, 3114 St. Mary's Ave., Omaha, NE 68105.

            /s/Michelle Peters