IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| KATHERINE BELCASTRO-GONZALEZ, | ) | CV 8:19-CV-00572 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| THE CITY OF OMAHA, | ) | |
| Defendant. | ) | |

**DEFENDANTS' BRIEF IN OPPOSITION
TO PLAINTIFF'S APPLICATION FOR
ATTORNEY'S FEES**

Prepared and submitted by:

MICHELLE PETERS, No. 20021
Deputy City Attorney
804 Omaha/Douglas Civic Center
1819 Farnam Street
Omaha, NE 68183
Telephone: 402/444-5115
michelle.peters@cityofomaha.org

## FACTS

This matter came before the Court as a jury trial that commenced September 6, 2022. There was only one issue for the jury's consideration; whether or not Chief Todd Schmaderer retaliated against Plaintiff by not promoting her to Deputy Chief in 2018.

On September 13, 2022, the jury rendered a verdict for the Plaintiff and awarded her $700,000 which amounted to $680,000 in back pay and $20,000 in emotional damages. Plaintiff now seeks the recovery of $278,785 in attorney's fees and expenses. Defendants oppose the award of fees for the reasons set forth below.

## ARGUMENT

### I.

### PLAINTIFF IS ENTILTED TO ATTORNEY'S FEES, THEY SHOULD BE SUBSTANTIALLY REDUCED

Generally, litigants are responsible for payment of their own attorneys' fees. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978); *Advantage Media LLC v. City of Hopkins*, 511 F.3d 833, 836 (8th Cir. 2008). Courts may award attorneys' fees to Title VII plaintiffs under special circumstances, however, "but may not award attorneys' fees to prevailing Title VII defendants except in narrow circumstances." *Marquart v. Lodge 837, Int'l Ass'n of Machinists*, 26 F.3d 842, 849 (8th Cir. 1994).

**A. Hourly rate**

A fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d 40 (1983). The award in fee-shifting cases is based upon the so-called "lodestar." *Id.* at 433, 103 S. Ct. at 1941. The lodestar is

calculated by determining the number of hours reasonably expended, multiplied by the hourly market rate for relevant legal services. *Id.* In addition, it may be appropriate for the court to consider other factors commonly referred to as the "Johnson factors" when calculating the lodestar. See *El Tabech v. Gunter*, 869 F. Supp. 1446, 1456 n. 6 (D. Neb. 1994). Those factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) undesirability of case; (11) nature and length of relationship with clients; and (12) awards in similar cases. *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717 (5th Cir. 1974).

First, defendant challenges the rates of compensation charged by Mr. White and Ms. Jorgensen. Mr. White indicated that he charged an hourly rate of $375. Ms. Jorgensen indicated that she charged an hourly rate of $350. To determine what a reasonable hourly rate is, the court must look to the relevant marketplace. *Missouri v. Jenkins*, 491 U.S. 274, 285, 109 S. Ct. 2463, 2470, 105 L. Ed. 2d 229 (1989); *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S. Ct. 1541, 1547 n. 11, 79 L. Ed. 2d 891 (1984); *Orr v. Nelson*, 874 F. Supp. 998, 1005 (D. Neb. 1995). Reasonableness of the requested rates is to be determined with reference to rates prevailing in the community for similar services by attorneys of comparable skill, experience, and reputation. *Id.* In addition, NELR 54.4(c) states that as to the rates of compensation requested, counsel should "be prepared to submit affidavits or other evidence in support of the fee rates requested." Plaintiff provides affidavits of two other attorneys in Omaha: Steve Lathrop and Tom Kenny. Both gentlemen are respected attorneys, but neither work in the area of

employment discrimination. Plaintiff provides no evidence of rates actually billed and paid in similar lawsuits. Defendants suggest that the Court look at the evidence submitted in the recent case of *Troy Hurd v. City of Lincoln,* Case No. 4:16-cv-3029. In May of 2019, Plaintiff submitted a request for attorney fees. Ms. Maren Chaloupka, a well-known, employment and civil rights attorney submitted an affidavit that $300 per hour was a fair and reasonable rate for this type of complex litigation in the Omaha/Lincoln area. (See *Troy Hurd v. City of Lincoln,* Case No. 4:16-cv-3029, Filing # 254-7). With regard to Mr. White, Defendants would ask that his hourly rate be reduced from $375 to $300 to reflect the market rate in Omaha.

With regard to Ms. Jorgensen's fees, although she may be a capable lawyer, her skills were not put to the test in this case. Ms. Jorgensen did not take one deposition, she did not examine one witness at trial, nor did she do voir dire or opening or closing statements. In that regard, her hourly rate should be reduced from $350 to $250, which reflects her participation in the matter and the going market rate for associate attorneys. That rate reduction would amount to a $61,650 reduction in total fees.

**B. Over billing, Over-Lawyering, Block-billing**

A court is charged with excluding hours not reasonably expended because "[c]ases may be overstaffed and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Quigley v. Winter,* 598 F.3d 938, 957-57 (8th Cir. 2010), citing *Hensley v. Eckerhart,* 461 U.S. 424, 433-34, (1983)(internal citations omitted). "A court may reduce attorney hours, and

consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used." *Murray v. Collections Acquisitions, LLC.,* No. 8:11CV301, 2012 US. Dist. Lexis 92044, at *7 (D.Neb. July 3, 2012), quoting *A.J. v. Kierst,* 56 F.3d 849, 864 (8th Cir. 1995). In *Quigley,* the Eighth Circuit Court of Appeals recognized that "the complexity of the issues in this case simply did not warrant the amount of 'lawyering'" and that there was a "significant amount of duplicative work," thereby resulting in the reduction of one-third (1/3) of the hours billed. *Quigley,* 598 F.3d at 958.

Clearly there was a duplication of effort among the attorneys and the paralegal. Mr. White, Ms. Jorgensen and Ms. Gunnels all appeared for and billed for every deposition in this case, as well as four days of trial. (See Affidavit of Tom White Filing #137-1, pp. 23-26 and 35). There was only one issue in this trial – retaliation – and this trial was not overly complex or difficult. A seasoned trial attorney such as Mr. White certainly could handle this matter with the assistance of Ms. Gunnels. Therefore, Defendants respectfully request that Ms. Jorgensen's fees for her appearance at the depositions and trial be excluded. (reduction in at least $19,600).

In addition, there appears a lot of overbilling on some items. For example, Mr. White claims he spent 6.2 hours on 3/30/22 sending an email to the City attorney and a conference call with his client. The email by Plaintiff's counsel is four sentences. It is not fathomable why a short email and conference call with client took more than six hours.

Reductions of attorney's fees may be made for "block billing" or poor record-keeping. *Ryan Data Exch., Ltd. v. Graco, Inc.,* 913 F.3d 726, 726 (8th Cir. 2019); *Gilster v. Primebank,* 884 F.Supp.2d 811, 873-74 (N.D. Iowa 2012). In the instance of a resistance to the Defendants' Motion in Limine, the law clerk indicated he spent 8 hours

on "Motion in Limine Research Project" for which Plaintiff never filed a Motion in Limine. After Defendants filed their Motion(s) in Limine on August 1, 2022 (filing #103), the law clerk spent no less than 30 hours on Plaintiff's response. A review of the Plaintiff's Brief in opposition to the Motion in Limine (filing #106) shows the brief has very little legal research – as it is mostly argument. Outside of the general law on Motions in Limine, Plaintiff cites exactly 4 cases – one of which is the *McDonnel-Douglas* case stating the burden shifting framework. Due to the lack of specificity as to what the law clerk was researching, the Defendants should not be responsible for a law clerk's inefficient research and learning curve on this case.

In addition, Ms. Jorgensen appeared to have spent an inordinate amount of time on deposition summaries. According to the records Ms. Jorgensen spent 21 hours on deposition summaries (See Affidavit of Tom White Filing #137-1, page 31, 5/24/22 to 6/2/19 entries). While that may have been a task necessary to complete, it would seem to be a waste of Ms. Jorgensen's time as an experienced lawyer to do this. Their firm had a law clerk or a paralegal, Ms. Gunnels. to do such a task much more efficiently. This adjustment would be a reduction in $7,350 in attorney fees.

C. **Representation before filing of this lawsuit**

Mr. White and Ms. Jorgensen and paralegal Mary Jo Gunnels spent a great deal of time on matters before this lawsuit was commenced. While some statutes like the ADA and ERISA explicitly provide for the award of fees in administrative proceedings, there is no such provision in Title VII and counsel could find no case law to support an award of attorney fees for legal work conducted before initiating a lawsuit. Indeed some of the billed time has to do with allegations of Mr. Gonzalez and not even the Plaintiff (See

Affidavit of Tom White Filing #137-1, page 8, 9/29/19 to 10/17/19 entries). Mr. White was representing Plaintiff in another matter (i.e. her discipline and termination in which he was dealing with Deputy City Attorney Mr. Bernard in den Bosch). Those costs should not be associated with the present case. Therefore, Defendants respectfully request that any time billed before 10/21/19 should be stricken. That comes out to approximate 58.04 hours billed by Mr. White, 2.4 hours billed by Ms. Gunnels and 1.2 hours by a law clerk.

## SUMMARY

Plaintiff has failed to meet the burden of establishing entitlement to a full award of the requested attorney fees and failed to document or otherwise justify the appropriate hours expended and hourly rates. Furthermore, plaintiff's counsel have failed to exercise billing discretion resulting in excessive, redundant, or otherwise unnecessary work. Therefore, attorney's fees should be significantly reduced as set forth herein.

                                          THE CITY OF OMAHA, et al., Defendants

                                          By s/Michelle Peters
                                             MICHELLE PETERS, No. 20021
                                             Deputy City Attorney
                                             804 Omaha/Douglas Civic Center
                                             1819 Farnam Street
                                             Omaha, NE  68183
                                             Telephone:  402/444-5115
                                             Michelle.peters@cityofomaha.org

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(3), I hereby certify this brief complies with the requirements of NECivR 7.1(d)(1). Relying on the word-count function of Microsoft Office Word 2010, this document contains 1,901 words. The word-count function was applied to all text, including the caption, headings, footnotes, and quotations.

s/ Michelle Peters<br>
Deputy City Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 7th, 2022, I electronically filed the foregoing **DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES** with the Clerk of the Court using the CM/ECF system which sent notification to such filing to the following: Tom White and Amy Jorgensen, WHITE AND JORGENSEN, 3114 St. Mary's Ave., Omaha, NE 68105.

/s/Michelle Peters