IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KATHERINE BELCASTRO GONZALEZ, )      CASE NO. 8:19CV572
                                    )
                  Plaintiff,        )
                                    )
        v.                          )
                                    )      **PLAINTIFF'S REPLY BRIEF IN**
CITY OF OMAHA, a Municipal          )      **SUPPORT OF MOTION FOR**
Corporation, TODD SCHMADERER,       )      **ATTORNEY FEES  AND EXPERT**
Chief of Police of the Omaha Police )      **FEES**
Department, in his official and individual )
Capacity                            )
                                    )
                  Defendants.       )

COMES NOW the Plaintiff, by and through her attorneys, and hereby submits her reply brief in support of the Plaintiff's Motion for Attorney Fees and Expert Fees.

## ARGUMENT

## I.

## PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AS SUBMITTED BY PLAINTIFF AND SHOULD NOT BE SUBSTANTIALLY REDUCED

### A.      Hourly Rate

The Defendants, except citing to evidence submitted in another case in 2019, did not submit any more current evidence of its own in support of its opposition to Plaintiff's Motion for Attorney Fees and Expert Fees.   The Defendants asked this Court to reduce the hourly rate of Mr. White from $375 to $300 per hour and the hourly rate of Ms. Jorgensen from $350 to $250. However, the Defendants have failed to submit any evidence to support this argument that those hourly rates are the current going hourly rates.  Moreover, the Defendants are being disingenuous in advising this Court that it should rely on Maren Chaloupka's affidavit that $300.00 per hour is

a fair and reasonable rate for this type of complex litigation in the Omaha/Lincoln area. (Defendants' Brief (Filing #142) at p. 3). The Defendants failed to disclose to the Court that this hourly rate referred to the hourly rate for just one of *Hurd* plaintiff's attorneys, Kelly Brandon, who worked on the case and she had requested the Court award her the hourly rates of $275 and $300 (See *Troy Hurd v. City of Lincoln,* Case No. 4:16-cv-3029, Filing # 254-2). Another attorney who worked on the case, Paige Fiedler, had submitted an affidavit requesting that the court award her an hourly rate of $475 per hour for the time she incurred in the case. *(Id.* at Filing # 254-1). Mr. White's fee of $375 is well below the amount so requested by Paige Fiedler.

Based upon the evidence submitted by Plaintiff, the hourly rates of Mr. White at $375 and Ms. Jorgensen at $350 are fair and reasonable rates for similar services in the Omaha/Lincoln area and should not be reduced.

**B.      The hours expended by Plaintiff's attorneys and staff are not excessive, redundant or otherwise unnecessary**

There are three main issues with regard to Plaintiff's requested fees that the Defendants set forth in their opposition brief which are (1) exclude Ms. Jorgensen's fees for her appearance at depositions and trial; (2) overbilling on one entry and some of the law clerk's time; and (3) reduce Ms. Jorgensen's time spent on deposition summaries. Each of these issues are addressed below:

**1.      Ms. Jorgensen's fees for attendance at trial and depositions should not be excluded**

The Defendants request that Plaintiff not be able to recover Ms. Jorgensen's fees for attending depositions and trial. After a successful outcome for Plaintiff, it is now easy for the Defendants to assert that Plaintiff and her legal team should have worked up and tried her case in

2

a different way.  If the Plaintiff's legal team had not worked on the case like they did and expended the time on her case as set forth on Exhibit "B" to Mr. White's Affidavit (Filing # 137-1), the Plaintiff could very well have lost the case.

For almost thirty years, Amy Jorgensen and Thomas White have worked together in this manner when confronting complex cases with big document productions and other discovery.  It has proven to be a successful method which leads to efficient trials and positive verdicts.

As seen from the time submitted on Exhibit "B" to Mr. White's Affidavit, Ms. Jorgensen reviewed all of the NEOC file, City's disclosures and production and drafted discovery requests (White Affidavit Filing #137-1, pgs 15-18, entries 1/7/21-1/14/21; 2/4/21-2/26/21; 3/18/21; 4/28/21), and prepared the outlines and compiled the exhibits for each of the depositions taken by Plaintiff ((White Affidavit Filing #137-1, pgs 21-25, entries 9/16/21-11/8/21).  After reviewing the Defendants' discovery responses and production, Ms. Jorgensen had communications with Defendants' counsel regarding discovery disputes with Defendants' responses and subsequently had to draft and file a Motion to Exceed Number of Allotted Request for Production (Filing # 45 and 48) which Motion was granted (Filing #51) and the Defendants then had to produce additional documents to Plaintiff.  (White Affidavit Filing #137-1, pgs 18-20, entries 5/10/21-5/21/21; 6/29/21-6/30/21; 7/7/21-7/20/21).  Ms. Jorgensen's knowledge of the City's production and the exhibits marked and used in the case was very instrumental in the evidence and testimony that was used at trial.  Plaintiff asserts that such time by Ms. Jorgensen at the depositions and trial was necessary and reasonable and, therefore, Ms. Jorgensen's fees with regard to her attendance at depositions and trial should not be excluded.

3

2.      **There was no overbilling on services**

Next Defendants make a blanket assertion that there appears a lot of overbilling on some items, however, Defendants then cite to only one entry on 3/30/22 by Tom White which include an e-mail to the City attorney and conference call with Plaintiff for 6.2 hours.  The Defendants mischaracterize that entry.  As set forth in the time submitted on Exhibit "B" to Mr. White's Affidavit (Filing # 137-1), the Plaintiff's attorney had been trying to negotiate a settlement with the Defendants during that time frame (White Affidavit Filing #137-1, pgs 27-29, entries 3/1/22 - 3/30/22) and after receiving an e-mail from the City's attorney that this was the Defendants' final offer, Plaintiff and Plaintiff's counsel had a lengthy conference on the pros and cons of settling her case and whether or not she should accept the Defendants' final offer.  The time for this entry was reasonable and necessary in light of the circumstances of discussing with Plaintiff if Plaintiff should accept or reject the Defendants' final offer or go to trial.

The Defendants next dispute the time spent by the law clerk on responding to the Defendants' Motion in Limine.  The Plaintiff asserts that the time spent by the law clerk was necessary and reasonable in researching and drafting a response to the Defendants' Motion in Limine.  Such research and drafting the brief not only involved the *McDonnell Douglas* research but also drafting arguments in opposition to excluding evidence with regard to Kerry Neumann and the City's NEOC response.  The Plaintiff asserts that such time was necessary and reasonable to respond to the Defendants' Motion in Limine and should not be reduced.

3.      **Ms. Jorgensen's fees for deposition summaries should not be reduced**.

The Defendants next contend that Ms. Jorgensen's fees for preparing depositions summaries should be reduced.  The Defendants, who have a much larger law department that

employs more staff and attorneys then White & Jorgensen, can easily state that this firm's law clerk or paralegal should have been tasked with that service.  This firm has two attorneys, a paralegal, a law clerk and a receptionist.  The task of the deposition summaries was made necessary once the Defendants filed their Motion for Summary Judgment.  Since Ms. Jorgensen was tasked with responding to the Defendants' Statement of Undisputed Facts, it was necessary for her to prepare the deposition summaries of eight witnesses in order to be familiar with said testimony in order to refute the Defendants' Statement of Undisputed Facts and which Response was approximately 29 pages in the Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Filing #95) and which Summary Judgment Motion the Court denied.  (Filing #108).  Moreover,  this firm has more than one client and the paralegal and law clerk were working on other cases and were not available to prepare the deposition summaries as so argued by Defendants.

The time spent by Ms. Jorgensen was reasonable and necessary and her time for such service should not be reduced,

**C.      Representation before filing of this lawsuit is compensable under 42 U.S.C. § 2000e-5(k).**

An attorney's work done in connection with administrative proceedings is compensable under 42 U.S.C.  § 2000e-5(k) if the work product from the administrative proceedings was "both useful and of a type ordinarily necessary to advance the civil rights litigation to the stage it reached before settlement."  *Bobbitt v. Paramount Cap Mfg., Co.,* 942 F.2d 512, 514 (8th Cir. 1991).  "[T]his Circuit has said that fees may be recovered for 'research or investigation done in connection with' a related proceeding, to the extent it 'proved directly relevant to the successful

5

prosecution of the later civil rights' action." *McDonald v. Armontrout*, 860 F.2d 1456, 1462 (8th Cir. 1988) (*quoting Perkins v. Cross*, 728 F.2d 1099, 1100 (8th Cir. 1984)).   The Eighth Circuit has allowed attorneys compensation for prior legal actions when the work involved is also needed for a successful outcome in a civil rights proceedings.  *See McDonald v. Armontrout*, 860 F.2d at 1461-62.

In the instant case, after the Plaintiff filed her complaint with the Mayor and then subsequent NEOC Complaint in May of 2018, Plaintiff's counsel had to represent her in the discipline proceedings involving overtime and carpet dispute initiated by Defendants and which disciplinary actions were the subject of the Plaintiff's retaliation lawsuit against the Defendants. The Plaintiff was also required to go through the administrative proceedings of the NEOC in order to proceed with a lawsuit against the Defendants.  It was also through this process that Plaintiff was made aware of the "reasons" that she was not promoted to Deputy Chief in June of 2018 and which "reasons" were pretext for retaliation against Plaintiff.  The firm's work in connection with the disciplinary proceedings and NEOC administrative proceedings were useful and of the type ordinarily necessary to proceed on Plaintiff's Title VII claim in this litigation.

Based upon the above, the Plaintiff asserts that the fees incurred in this firm's representation of Plaintiff prior to filing the lawsuit is compensable and the time billed before 10/21/19 should not be stricken but awarded to the Plaintiff.

## CONCLUSION

The Plaintiff respectfully requests that this Court grant the Plaintiff an award of attorney's fees and expert fees in accordance with Plaintiff's Motion and supporting exhibits and attachments thereto.

Respectfully submitted,

KATHERINE BELCASTRO-GONZALEZ,
Plaintiff

BY:  s/Thomas M. White
       Thomas M. White #17452
       Amy S. Jorgensen, #23215
       WHITE & JORGENSEN
       3114 St. Mary's Avenue
       Omaha, Nebraska  68105
       (402) 346-5700

       ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(3), I hereby certify this brief complies with the requirements of NECivR 7.1(d)(1).  Relying on the word-count function of WordPerfect Office X5, this document contains 1,693 words.  The word-count function was applied to all text, including the caption, headings, footnotes and quotations.

       s/Thomas M. White

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Defendants' attorney, Michelle Peters, City of Omaha, 1819 Farnam Street, Suite 804, Omaha, NE 68183.

       s/Thomas M. White
       Thomas M. White