IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| KATHERINE BELCASTRO GONZALEZ, | ) | CASE NO. 8:19CV572 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **PLAINTIFF'S BRIEF IN OPPOSITION** |
| CITY OF OMAHA, a Municipal | ) | **TO DEFENDANTS' MOTION FOR** |
| Corporation, TODD SCHMADERER, | ) | **EVIDENTIARY HEARING** |
| Chief of Police of the Omaha Police | ) | |
| Department, in his official and individual | ) | |
| Capacity | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, by and through her attorneys, and hereby submits the following Brief in Opposition to Defendants' Motion for Hearing.

**I.  THERE IS NO COMPETENT EVIDENCE OR APPLICABLE LEGAL AUTHORITY UPON WHICH THE COURT SHOULD GRANT THE DEFENDANTS' REQUESTED RELIEF**

Defendants' request for post-verdict inquiry, by evidentiary hearing, seeks to impeach jury deliberations in violation of Federal Rules of Evidence 606(b) and Eighth Circuit authority.

Two (2) months after filing the Defendants' Motion for New Trial (ECF Filing No. 140), the Defendants now seek to have an evidentiary hearing in order to question/depose the foreperson and possibly other jurors who performed their civic duty without basis to do so and on scant evidence and authority. Moreover, the Defendants had two months to secure affidavit testimony from the jurors and the former police officer who allegedly had communications with a juror. Mr. Shaffer's affidavit (which Plaintiff submits is not admissible and has filed a Motion to Strike his affidavit) makes reference to text messages with Mr. Dieguez, however, no such messages were submitted as evidence by the Defendants when they were required to submit all

evidence in support of their Motion.

In addition, if in fact what the Defendants claim is alleged juror misconduct, the Defendants clearly admit that they (through Defendants' own employee) knew during the trial (allegedly the day after Mr. Schaffer testified) about this alleged juror misconduct but did nothing to bring it to the Court's attention at that time. (ECF Filing No. 157-1 at Page ID #1774 ¶5). It was only after the jury found for Plaintiff that this alleged juror misconduct came to light. Would the Defendants have brought this alleged juror misconduct to the Court's attention had the jury verdict been in Defendants' favor?

Moreover, the Defendants admit in their brief that as to this alleged juror communication "the exact discussion(s) is unknown". (Filing No. 156 at Page ID #1762). Again, the Defendants had two months to secure evidence to support its Motion but have failed to submit any competent evidence that juror misconduct even occurred and are merely on a fishing expedition for evidence that might establish misconduct in order to set aside the verdict and which action is contrary to the law as set forth in *Tanner v. U.S.*, 483 U.S. 107, 119-20 (1987):

> "[L]et it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict. If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation—to the destruction of all frankness and freedom of discussion and conference."

2

*Tanner v. United States*, 483 U.S. 107, 119–20, 107 S. Ct. 2739, 2747, 97 L. Ed. 2d 90 (1987) (internal citations omitted).

Furthermore, Rule 606(b)(1) provides the general rule regarding inquiries into the validity of a verdict:

> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror' mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.
>
> There are exceptions to the above general rule which are set forth in Rule 606(b)(2):
>
> (A)  Extraneous prejudicial information was improperly brought to the jury's attention;
>
> (B)  An outside influence was improperly brought to bear on any juror; or
>
> (C)   A mistake was made in entering the verdict on the verdict form.

The Defendants have failed to submit any evidence that any juror misconduct or jury nullification had occurred that fall within those exceptions. The Defendants only submitted one affidavit of an individual who was not directly involved with any of the communications with the alleged juror and non-juror. If the Defendants truly believed that juror misconduct or jury nullification had occurred and one of the exceptions applied, they could have obtained an affidavit from the former police officer. The assumption is that none of the jurors (including the foreperson) or the alleged former police officer, were willing or interested in providing affidavits to support the Defendants' Motion for New Trial. The jurors should not be inconvenienced further by having them questioned at an evidentiary hearing. They have done their duty. The Defendants are just not happy with the result.

## CONCLUSION

For all of the reasons set forth above, Plaintiff respectfully requests that the Court deny

the Defendants' Motion for Evidentiary Hearing and allow the Plaintiff's verdict to stand as entered.

        KATHERINE BELCASTRO-GONZALEZ, Plaintiff

        BY:   s/Thomas M. White
              Thomas M. White #17452
              Amy S. Jorgensen, #23215
              WHITE & JORGENSEN
              3114 St. Mary's Avenue
              Omaha, Nebraska 68105
              (402) 346-5700

        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(3), I hereby certify this brief complies with the requirements of NECivR 7.1(d)(1). Relying on the word-count function of WordPerfect Office X5, this document contains 889 words. The word-count function was applied to all text, including the caption, headings, footnotes and quotations.

        s/Thomas M. White

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Defendants' attorney, Michelle Peters, City of Omaha, 1819 Farnam Street, Suite 804, Omaha, NE 68183.

        s/Thomas M. White
          Thomas M. White