**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

KATHERINE BELCASTRO-GONZALEZ, )           8:19-CV-00572
                                        )
                  Plaintiff,            )
                                        )
            vs.                         )
                                        )
THE CITY OF OMAHA, *et al.,*            )
                                        )
                  Defendants.           )

**DEFENDANTS' BRIEF IN OPPOSITION**
**TO PLAINTIFF'S MOTION TO STRIKE**

Prepared and submitted by:

MICHELLE PETERS, No. 20021
Deputy City Attorney
804 Omaha/Douglas Civic Center
1819 Farnam Street
Omaha, NE  68183
Telephone:  402/444-5115
michelle.peters@cityofomaha.org

## FACTS

This matter comes before the Court on Defendants' Motion for a New Trial and Motion for Hearing. In support of those Motions, Defendants submitted an affidavit of Deputy Chief Tom Shaffer. Plaintiff has objected to that affidavit and filed a Motion to Strike. This brief is in opposition to that Motion.

## ARGUMENT

Generally, Plaintiff objects to the affidavit of Deputy Chief Shaffer because it includes hearsay. Defendants do not dispute that fact, but show the Court that due to the rules regarding inquiry into juror misconduct, this was the only mechanism available to bring this matter before the Court. Federal Rule of Evidence 606(b)(1) provides the general rule regarding inquiries into the validity of a verdict:

> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

Therefore, the Defendants are not allowed to contact the jurors or inquire into their deliberations or obtain an affidavit. The purpose of Deputy Chief Shaffer's affidavit was to advise the Court that defense counsel was unaware of these communications during trial and only became aware of the issues after trial. In addition, Deputy Chief Shaffer's affidavit was intended to show that inappropriate conversations were had with Mr. Dieguez and a juror and Defendants are asking the Court to grant a hearing on this matter because further evidence does need to be gleaned from Mr. Dieguez and possibly the jurors to determine if there were prejudicial communications during trial.

## SUMMARY

Defendants have shown good cause and the Deputy Chief Shaffer's affidavit should not be stricken in whole or in any part.

THE CITY OF OMAHA, et al., Defendants

By  s/Michelle Peters
    MICHELLE PETERS, No. 20021
    Deputy City Attorney
    804 Omaha/Douglas Civic Center
    1819 Farnam Street
    Omaha, NE  68183
    Telephone:  402/444-5115
    Michelle.peters@cityofomaha.org

### CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(3), I hereby certify this brief complies with the requirements of NECivR 7.1(d)(1). Relying on the word-count function of Microsoft Office Word 2010, this document contains 524 words. The word-count function was applied to all text, including the caption, headings, footnotes, and quotations.

s/ Michelle Peters
Deputy City Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2022, I electronically filed the foregoing **DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** with the Clerk of the Court using the CM/ECF system which sent notification to such filing to the following:  Tom White and Amy Jorgensen, WHITE AND JORGENSEN, 3114 St. Mary's Ave., Omaha, NE 68105.

/s/Michelle Peters