IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHERINE BELCASTRO-GONZALEZ, | ) | CASE NO. 8:19CV572 |
| Plaintiff, | ) | |
| vs. | ) | |
| CITY OF OMAHA, a Municipal Corporation, and TODD SCHMADERER, Chief of Police of the Omaha Police Department in his official and individual capacity, | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION
FOR JUDGMENT AS A MATTER OF LAW OR IN
ALTERNATIVE, MOTION FOR NEW TRIAL AND FOR
AN EVIDENTIARY HEARING**

Prepared and submitted by:
MICHELLE PETERS, No. 20021
Deputy City Attorney
Attorney for Defendants
1819 Farnam Street, Suite 804
Omaha, NE 68183
Telephone: 402/444-5115
Fax: 402-444-5125
Email: michelle.peters@cityofomaha.org

## INTRODUCTION AND FACTS

Defendants City of Omaha and Chief Todd Schmaderer submit this reply brief in support of its Motion for Judgment as a Matter of Law or in the alternative Motion for New Trial. At issue in the pending Motion for Judgment as a Matter of Law and/or Motion for New Trial are allegations of juror misconduct that came to the attention of the Defendants after the verdict. Defense counsel learned after the verdict that a female juror, believed to likely be the foreperson, spoke to people about the trial which was learned by a former Omaha police officer during the trial. That former officer contacted Deputy Chief Tom Shaffer, a witness at the trial, and advised him of such. The name of the juror was not disclosed by the former police officer, but based on the fact that it was a female, through deduction, it was ascertained it was likely the foreperson who lived in Bennington, where Mr. Dieguez also lives.

Plaintiff's responsive brief now attacks the Defendants and defense counsel and alleges impropriety in this appeal process which she alleges was intended to somehow sway voters in regarding the husband's candidacy for sheriff.

It is worth noting that Plaintiff has submitted as an exhibit in support of her brief a **newspaper article** which is nothing but hearsay – the very thing she is arguing in a Motion to Strike [Doc. #162] that she filed contemporaneously with this brief. Defendants are not going to clutter this docket with another Motion to Strike, but suffice to argue that the article attached [Doc. #160-1, Exhibit A] is wholly irrelevant to this Court's consideration of the matters and is also hearsay. Whatever Chief Schmaderer said to the media **after** the trial and **after** the verdict is irrelevant. Even if the statements he made were false, they had no bearing on the outcome of the trial nor could influence the jury. Neither Chief Schmaderer nor anyone from the City made any mention of Mr. Gonzalez in the article. For Plaintiff to allege that there was some concerted effort

to damage his campaign is absolutely false and borders on libel. From the onset of this litigation, Plaintiff has had a belief that the Chief had some personal vendetta against her and her husband. That is not the case. What the evidence indicates is the exact opposite – Plaintiff and her husband (and others) have a vendetta against the Chief and Kerry Neumann and they have kept copious notes, emails and diaries; emailing each other about every interaction they have with the Chief or his staff that they view as negative.

As to Plaintiff's assertion that the timing of the Motion for a New Trial was suspect, Defendants would point to F.R.Civ.P. 59 which requires that Motions for New Trial must be filed no later than 28 days from entry of judgment. While the filing was a few weeks early, defense counsel was going through a serious health matter which is why the Motion was filed when it was – not to affect the sheriff's campaign. Whatever spin the media put on this matter is not within the control of the Defendants. No one from the Police Department was interviewed about the news article and the City Attorney's office was not even contacted for a comment.

Plaintiff's assertions that this attorney is acting in bad faith is unwarranted and uncalled for.

## LAW AND ARGUMENT

### I.

### JUROR MISCONDUCT

A.     **Outside communications**

After the trial, Defendants' attorney became aware that one of the jurors had outside communication with non-jurors which was relayed somehow with a retired Omaha Police officer during the trial. Federal Rule of Evidence 606(b)(1) limits the interaction counsel can have with

jurors regarding their verdict and being cognizant of those rules, Defendants understand at this time, there is not overwhelming evidence. This is the very reason why Defendants have requested an evidentiary hearing. The Court can bring in Mr. Dieguez and the juror he spoke to and determine whether the conversation(s) were prejudicial and created an unfair process for the defendants, and whether those conversations improperly influenced her (exception (C)) or whether those discussions were shared with the other jurors (exception (B)).

Again, it is without dispute that the juror was in communication with external parties discussing the case during the pendency of the trial, which is in direct violation of the Jury Instructions given in this case. It is clear that Mr. Dieguez spoke to her while the case was pending because how else would he know she was on the jury and be able to tell Deputy Chief that he had a "friend on the jury." No, the exact discussion(s) is unknown. While Plaintiff argues that there is no "actual evidence," Defendants are at a loss to understand what "actual evidence" Plaintiff would suggest Defendants bring forth to show such misconduct. The evidence Defendants did bring forth are an admission by a juror to a third party of misconduct – discussion with an someone she was not supposed to talk to.

If that discussion included information that included "extraneous information" that was not admitted into evidence, but considered by the jury, then the Defendants would be entitled to a new trial. *See U.S. v. Bassler,* 651 F.2d 600, 602 (8th Cir. 1981); *U.S. v. Krall,* 835 F.2d 711, 716 (8th Cir. 1987).

The Court should exercise its discretion to investigate this matter more fully to ensure that there has not been a miscarriage of justice.

    **B.**    **Jury Nullification**

Again, Defendants are well aware of the uniqueness of a jury nullification argument in a civil case. But the statements attributed to the juror in this case to "send a message" can have no other meaning. The Defendants do not want to invade the jury's province, but a jury's intentional deviation from the law as instructed by the court cannot be ignored. Defendants – not just the Plaintiff-- are entitled to a fair trial and a fair verdict. Due process must be afforded to all parties. Therefore, the Defendants respectfully request that this Court exercise its inherent discretion in this matter to ensure fairness and equity in the jury process and to prevent a miscarriage of justice and require further investigation into the matter of juror misconduct.

## II.

## WITNESS STACI WITKOWSKI

Allowing any testimony of Kerry Neumann's bad acts was improper, but was overruled in Defendants Motion for Summary Judgment. This issue will likely have to be decided by the Eighth Circuit Court of Appeals. However, this matter should be considered by the Court in deciding whether Defendants are entitled to a new trial. Again, the purpose of this witness, and others, and most of Plaintiff's case was to play the "Kerry Neumann is a bad guy game" to deflect the jury away from the case at hand which was limited strictly to retaliation; to the portrait that they wanted to paint, which was Kerry Neumann discriminated against women and the City didn't do anything about it. This evidence was highly prejudicial to the Defendant and had nothing to do with retaliation. Therefore, the admission of this testimony should be the basis for reversing the verdict of this jury and granting a new trial.

## III.

## NEOC RESPONSE

Plaintiff argued throughout this case that the Defendants are bound to the reasons the Chief didn't hire Plaintiff set forth in their NEOC response to Plaintiff's charge and argued that the Chief was making up new reasons as he went along – in essence "moving the goal posts." Defense counsel researched the legal issue as did the Court, and neither found any case law on point that supports Plaintiff's position. Mr. White's assertion throughout the pendency of this lawsuit that Chief Schmaderer "had an obligation to tell the EEOC why Captain Gonzalez was not promoted and that there are legal ramifications for failure to raise issues in terms of what can be introduced into evidence" (Schmaderer's deposition 15:12-17) is without legal basis and was unduly prejudicial to the Defendants.

Later the court sustained an objection when defense counsel was cross-examining the Plaintiff as to whether attention to detail was an important trait for a Deputy Chief to have. Mr. White objected to the question and the Court sustained the objection indicating that "attention to detail" was not a factor that the City listed in its response to Plaintiff's NEOC charge of discrimination. (Transcript. Vol. III, 513: 14-22).

Again, the Court's assessment is not a correct statement of the law. The court did its own research and did not find any law to support this contention, but yet continued to rule in Plaintiff's favor. The Court seems to believe that it may not be "fair" that the Plaintiff has to list all of her allegations in the charge of discrimination or is precluded from arguing those matters later, and the Defendant doesn't have the same requirements, but that is not what the law says. The Court's rulings on this issue were clearly wrong and are in themselves a basis for granting a new trial. These misstatements of law clearly prejudiced the Defendants and Plaintiff relied on these to prove her case of retaliation.

## CONCLUSION

For all of the reasons set forth herein and, in the Defendants', original brief, the Defendants respectfully request that that the Court grant Defendants' Motion for Judgment as a Matter of Law or in the Alternative, Motion for a New Trial, and should grant Defendants' Motion for an Evidentiary Hearing on the issues relating to Juror Misconduct.

DATED this 21st day of December, 2022.

                                      CITY OF OMAHA, *et al.,* Defendants

                              By s/Michelle Peters_____
                                  MICHELLE PETERS, No. 20021
                                  Deputy City Attorney
                                  Attorney for Defendants
                                  1819 Farnam Street, Suite 804
                                  Omaha, NE 68183
                                  Telephone:  402/444-5115
                                  michelle.peters@cityofomaha.org

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(3), I hereby certify this brief complies with the requirements of NECivR 7.1(d)(1). Relying on the word-count function of Microsoft Office Word 2010, this document contains 1,848 words. The word-count function was applied to all text, including the caption, headings, footnotes, and quotations.

                                      s/ Michelle Peters_____
                                      Deputy City Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2022, I electronically filed the foregoing **REPLY BRIEF IN SUPPORT OF JUDGMENT AS A MATTER OF LAW/MOTION FOR NEW TRIAL AND MOTION FOR HEARING** with the Clerk of the Court using the CM/ECF system which sent notification to such filing to the following: Tom White and Amy Jorgensen, WHITE

AND JORGENSEN, 3114 St. Mary's Ave., Omaha, NE 68105.

/s/Michelle Peters