IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHERINE BELCASTRO-GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA, a Municipal Corporation; and TODD SCHMADERER, Chief of Police of the Omaha Police Department, in his official Capacity;<br><br>Defendants. | 8:19CV572<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiff's motion for attorney fees, Filing No. 135. This is an action for retaliation in employment under Title VII, 42 U.S.C. § 2000e-5.

The plaintiff is the prevailing party in this action. After a five-day trial, the jury rendered a verdict for the plaintiff and awarded her $700,000 which amounted to $680,000 in back pay and $20,000 in emotional damages. Filing No. 127, Verdict. Pursuant to the jury verdict, this Court entered judgment in that amount. Filing No. 133. In accordance with the Bill of Costs Handbook, the Clerk of Court thereafter taxed costs in the amount of $4,498.44. Filing No. 145.

The plaintiff seeks an award of $278,785 in attorney fees and recovery of expert fees in the amount of $5,691.25. Filing No. 135. That amount represents 370 hours of work at the hourly rate of $375 by attorney Thomas M. White and 339 hours of work at the rate of $350 by attorney Amy S. Jorgensen, along with approximately 252 hours of work by paralegals and law clerks at the rates of $100 hour for law clerks and $75 for paralegals. Filing No. 136 at 6.

1

The plaintiff submits affidavits of counsel stating that rates are in line with prevailing market rates in this community. Filing No. 137-4, Affidavit of Thomas Kenny; Filing No. 137-3, Affidavit of Steven Lathrop. Further, Plaintiff has shown that it is customary in this area for law firms and attorneys to charge fee-paying clients for paralegal or law clerk time along with time spent by attorneys. Filing No. 136 at 5. Plaintiff also submitted detailed timesheets and expert witness bills. Filing No. 137-1, Ex. 1, Affidavit of Thomas White, Exs. B and C. Additionally, counsel in this action were retained pursuant to a contingent fee agreement. *Id.*, Ex. A.

Defendant acknowledges the plaintiff is entitled to attorney fees, but argues they should be substantially reduced. The City challenges the rates of compensation charged by Mr. White and Ms. Jorgensen. It argues that White's hourly rate should be reduced from $375 to $300 to reflect the market rate in Omaha and that Ms. Jorgensen's rate should be reduced from $350 to $250 to reflect her limited participation in the matter and the market rate for associate attorneys.[1] That rate reduction would amount to a $61,650 reduction in total fees. Further, the defendant contends the fees should be reduced by $19,600 for duplication of effort, by $7,350 for over-billing, over-lawyering, and block-billing, and by approximately $20,225 for work spent in administrative proceedings prior to the filing of the action.

II. LAW

"Congress enacted 42 U.S.C. § 1988 in order to ensure that federal rights are adequately enforced. Section 1988 provides that a prevailing party in certain civil rights actions may recover 'a reasonable attorney's fee as part of the costs.'" *Perdue v. Kenny*

---

[1] Ms. Jorgensen is a partner at the law firm of White & Jorgensen, not an associate attorney. Filing No. 137-2.

2

*A. ex rel. Winn*, 559 U.S. 542, 550 (2010) (quoting 42 U.S.C. § 1988). The starting point in determining the amount of attorney fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001). In making an attorney fee award, the court considers the number of hours expended, complexity of issues, overall reasonableness, skill needed of the lawyers, customary fees, results obtained, and the undesirability of the case. *Hensley*, 461 U.S. at 430. "'[T]he most critical factor is the degree of success obtained.'" *Emery*, 272 F.3d at 1047 (quoting *Hensley*, 461 U.S. at 436). "'Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.'" *Id.* (quoting *Hensley*, 461 U.S. at 435).

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 551–52. The lodestar calculation is characterized as "the guiding light of our fee-shifting jurisprudence." *Id.* (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). "The lodestar calculation is simple: it involves 'multiplying the number of hours reasonably expended' on the case 'by the reasonable hourly rates.'" *M.B. by M.B. by Eggemeyer v. Tidball*, 18 F.4th 565, 568 (8th Cir. 2021) (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)). The attorney's prevailing rate in the community is strongly presumptive of the correct rate that should be awarded. *Perdue*, 559 U.S. at 551–52. The lodestar should already take into account factors such as ensuring the fees are sufficient to attract capable attorneys to represent civil rights

3

claimants. *Id.* at 553. "The attorney's fees provided for in a contingent-fee agreement is not a ceiling upon the fees recoverable." *Quigley v. Winter*, 598 F.3d 938, 956 (8th Cir. 2010) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989)).

Under Title VII, a prevailing party is specifically allowed to recover expert fees as part of the costs associated with civil rights litigation. 42 U.S.C. § 2000e-5(k) (stating "the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs"). Further, an attorney's work done in connection with administrative proceedings is compensable under 42 U.S.C. § 2000e-5(k) if the work product from the administrative proceedings was "both useful and of a type ordinarily necessary to advance the civil rights litigation to the stage it reached before settlement." *Bobbitt v. Paramount Cap Mfg. Co.*, 942 F.2d 512, 514 (8th Cir. 1991). "Fees may be recovered for 'research or investigation done in connection with' a related proceeding, to the extent it 'proved directly relevant to the successful prosecution of the later civil rights' action." *McDonald v. Armontrout*, 860 F.2d 1456, 1462 (8th Cir. 1988) (quoting *Perkins v. Cross*, 728 F.2d 1099, 1100 (8th Cir. 1984)).

III. DISCUSSION

Based on its familiarity with the case, the Court finds Belcastro-Gonzalez should recover the full amount of attorney fees she seeks. Belcastro-Gonzalez's ultimate success supports an award of the full, unreduced attorneys' fees. Although this is a fairly straightforward employment retaliation case, it involved several thorny evidentiary issues. Plaintiff underwent discovery, took numerous depositions, and was required to respond to a number of motions. The case involved a five-day jury trial. Thomas White is an

4

accomplished attorney with almost 40 years of experience and his associate has 16 years of experience. Filing Nos. 137-1; 137-2, Affidavits of Thomas M. White and Amy S. Jorgenson. Both are familiar with civil rights litigation. The attorneys bore the considerable risk of non-recovery during the lengthy progression of this case.

The Court rejects the City's argument that Belcastro-Gonzalez's fee award should be discounted. The City has not shown that it is appropriate to depart from the lodestar in this case. This case involved extensive motion practice, discovery, and trial where the defendant mounted a vigorous defense. The action was litigated by skilled attorneys on both sides.

The Court has reviewed the plaintiff's timesheets and finds the tasks are identified with sufficient specificity and are appropriate uses of attorneys,' paralegals,' and law clerks' time. Billing records show that the work performed was necessary to obtain a successful result. Based on familiarity with attorneys' rates in this area, the Court finds the plaintiff's counsels' rates are reasonable, as are the number of hours expended in discovery and trial for a case of this complexity. The Court thus concludes that attorney fees should be granted in this case in the amount requested by the plaintiff.

Further, the Court finds the expert fees were necessary to the litigation and are reasonable for services of this nature. Also, the firm's work in connection with the disciplinary proceedings and NEOC administrative proceedings were useful and of the type ordinarily necessary to proceed on Plaintiff's Title VII retaliation claim in this litigation. Accordingly,

IT IS ORDERED that:

1. The plaintiff's motion for attorney fees (Filing No. 135) is granted

2. The plaintiff is awarded attorney fees in the amount of $278,785.00 in attorney fees and expert fees in the amount of $5,691.25.

3. A judgment for attorney fees in accordance with this Memorandum and Order will be entered.

Dated this 14th day of February, 2023.

                                            BY THE COURT:

                                            s/ Joseph F. Bataillon
                                            Senior United States District Judge